UNITED STATES of America, Appellee,

v.

Ignacio RODRIGUEZ, Defendant–
Appellant.

No. 1653, Docket 90–1684.

United States Court of Appeals,
Second Circuit.

Submitted June 25, 1991.

Decided Aug. 27, 1991.

**216**

Jane Simkin Smith, Millbrook, N.Y., submitted a brief for defendant-appellant, Ignacio Rodriguez.

Theodore E. Chervin, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Samuel W. Seymour, Asst. U.S. Atty., S.D.N.Y., of counsel), submitted a brief for appellee, U.S.

Before CARDAMONE, MINER and MAHONEY, Circuit Judges.

CARDAMONE, Circuit Judge:

This appeal presents questions commonly raised in criminal appeals, the disposition of which will have little precedential import. We write in this case principally to call attention to the approaching "sunset" of an exception for sentencing guidelines cases to our regular rule that holds issues not raised in the trial court to have been waived in the absence of "plain errors on defects affecting substantial rights" within the meaning of Fed.R.Crim.P. 52(b).

Defendant Ignacio Rodriguez appeals from the October 31, 1990 judgment of the United States District Court for the Southern District of New York, (Tsoucalas, J., United States Court of International Trade, sitting by designation), convicting him after a three-day jury trial under a three-count indictment charging him with possession with intent to distribute cocaine and heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C) and 845a(a). On appeal, Rodriguez contends that the district court erred in enhancing his offense level for obstruction of justice and improperly admitted similar act evidence tending to prove his criminal propensity. He also asserts that the evidence of his intent to distribute was insufficient to support his conviction on two of the counts.

I

■ Appellant challenges the two level enhancement of his offense level under U.S.S.G. § 3C1.1. The government responds that appellant waived the enhancement argument by failing either to object to the presentence report or to raise the objection at the time of sentencing. Under those circumstances we would ordinarily hold that the argument was waived. *See United States v. Altman,* 901 F.2d 1161,

1165 (2d Cir.1990); *United States v. Irabor*, 894 F.2d 554, 555 (2d Cir.1990); *United States v. Soliman*, 889 F.2d 441, 445 (2d Cir.1989). Yet, in the past we have ruled that when a question of law arises, which is a matter of first impression for us under the Sentencing Guidelines, we will reach the merits despite defendant's failure to raise the issue in the sentencing court, so long as the failure to raise it "was not a calculated decision." *United States v. McCall*, 915 F.2d 811, 814 (2d Cir.1990); *United States v. Chartier*, 933 F.2d 111, 116 (2d Cir.1991); *United States v. Moon*, 926 F.2d 204, 208 (2d Cir.1991); *Irabor*, 894 F.2d at 555. Our rationale for not adhering to our ordinary rule respecting waiver of issues not raised was based on the notion that when the Guidelines were new, an appellate ruling was necessary in the implementation of the complex and not easily understood sentencing scheme. *See Irabor*, 894 F.2d at 555. Thus, when we announced this special rule, we intended that it operate only "during the infancy of the Guidelines." *McCall*, 915 F.2d at 814.

█ It has been our inclination therefore to address questions of law that otherwise would have been considered waived because it would be unjust to hold a defendant to what might prove later to be an incorrect interpretation of the Guidelines, when defense counsel could not be expected to anticipate how the Guidelines might be construed. The Guidelines have now been in effect for more than three years, and hundreds of cases involving its interpretation have been decided by us and our sister circuits. Moreover, not every issue—particularly including the one presented in the instant case—is complex. We now believe that the Guidelines have outgrown their infancy and come into adolescence, if not full maturity. Consequently, we caution defendants that in the future we will be hesitant to consider on appeal sentencing issues not raised in the district court. This expressed hesitancy is, of course, not intended to infringe on future panels' option under Fed.R.Crim.P. 52(b) (plain error affecting substantial right may be considered though not brought to attention of trial court). But since the waiver

here does not appear calculated—and defense counsel had not been forewarned of the caution expressed in this opinion—we will consider the enhancement argument on its merits.

Sentencing Guideline § 3C1.1 provides for a two level enhancement "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." The enhancement that Rodriguez challenges stems from his false statement to his probation officer that he had no prior record, when in fact he had been arrested and convicted six times previously. The probation officer later obtained a copy of the defendant's FBI criminal identifier that showed his prior record. The Application Notes following § 3C1.1 in force at the time of sentence, *United States v. Adeniyi*, 912 F.2d 615, 618 (2d Cir.1990), stated that providing "material falsehoods to a probation officer in the course of a presentence or other investigation for the court" is conduct to which the obstruction of justice section applies. U.S.S.G. § 3C1.1, App. Note 1(e).

Appellant asserts that his false statement is not "material," relying on U.S.S.G. § 3C1.1, App. Note 5 (effective November 1, 1990), which states that " '[m]aterial' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Although this definition was not included in the Application Notes at the time of Rodriguez' sentence, we assume *arguendo* that this definition of materiality would have been substantially similar to any the district court might have used. Employing this definition, Rodriguez argues that no one would rely on or believe his false statement because any responsible probation officer would obtain a defendant's criminal history that would demonstrate the falsity of his statement. Thus, his statement could not affect determination of his criminal history issue. This argument is sheer sophistry.

■ The appropriate interpretation of the definition of the word "material" under U.S.S.G. § 3C1.1 is a matter of legal interpretation that we examine *de novo. United States v. Shoulberg,* 895 F.2d 882, 884 (2d Cir.1990); *United States v. Stroud,* 893 F.2d 504, 507 (2d Cir.1990). The definition of a "material" statement embraces all false statements that would tend to affect a defendant's sentence, whether or not discovery of the falsity of the statement is inevitable. The question is not whether the statement was in fact believed—since an enhancement for obstruction of justice necessarily contemplates that the obstruction must be discovered at some point—rather, it is whether, even assuming the statement is false, that false statement if believed would tend to affect Rodriguez' sentence.

■ The presence or lack of a criminal history would affect the sentence in defendant's case, and the district court properly enhanced Rodriguez' offense level. This comports with rulings by other circuits applying § 3C1.1 in cases where defendants have given false criminal histories. *See United States v. Christman,* 894 F.2d 339, 341–42 (9th Cir.1990) (finding of willful obstruction of justice not clearly erroneous where defendant told probation officer he had been convicted of a misdemeanor although he pleaded guilty to felony); *United States v. Williams,* 897 F.2d 1034, 1040–41 (10th Cir.1990) (while defendant had no duty to disclose prior conviction overturned on appeal, the false statement she offered concerning prior arrest constituted obstruction of justice), *cert. denied,* — U.S. —, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991); *United States v. Garcia,* 902 F.2d 324, 325–26 (5th Cir.1990) (defendant's intentional lie concerning prior arrest constituted obstruction of justice). Consequently, defendant's challenge to his two level sentence enhancement for obstruction of justice is without merit.

## II

■ Defendant also objects to the introduction and use during summation of his post-arrest statement that the $4,627 found on him after his arrest was accumulated over time from the sale of drugs. Because he concedes his counsel did not object to the introduction of his post-arrest statement, he waived any objection that the statement constituted inadmissible evidence of other crimes. *See United States v. Carson,* 702 F.2d 351, 369 (2d Cir.), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2456, 2457, 77 L.Ed.2d 1335 (1983); *United States v. Viserto,* 596 F.2d 531, 537 (2d Cir.), *cert. denied,* 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979).

■ Nonetheless, we may, of course, reverse a judgment of conviction if the admission of the statement was "plain error" that denied defendant a fair trial. *See United States v. Civelli,* 883 F.2d 191, 194 (2d Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 409, 107 L.Ed.2d 374 (1990); Fed. R.Crim.P. 52(b). Inasmuch as the government failed to follow the course we have previously outlined with regard to the use of similar act evidence used to prove intent, *United States v. Figueroa,* 618 F.2d 934, 939–40 (2d Cir.1980) ("offer of similar acts evidence should await the conclusion of the defendant's case and should be aimed at a specifically identified issue"), the admission of the post-arrest statement was error. *See United States v. Ortiz,* 857 F.2d 900, 904 (2d Cir.1988), *cert. denied,* 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989).

We reach this conclusion because, given the defendant's chosen defense, intent was not at issue, and because the statement was not admissible for any other purpose. *See* Fed.R.Evid. 404(b); *Ortiz,* 857 F.2d at 904. The error was exacerbated by the prosecutor's use in summation of the same proof for precisely the purpose against which the propensity rule guards—to show that the defendant was likely to have sold drugs on this occasion because he had before. Nevertheless, the error on balance did not result in a miscarriage of justice. Instead, in light of the overwhelming evidence of the defendant's guilt, the error did not contribute to the verdict and is harmless beyond a reasonable doubt. *United States v. Castro,* 813 F.2d 571, 577 (2d

Cir.), *cert. denied,* 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987).

### III

 Rodriguez also asserts that the government's cross-examination regarding his prior narcotics transactions with Lisa Luciano created the improper impression that the government had evidence to which the jury was not privy, thus denying him the right "to be tried solely on the basis of the evidence presented to the jury." *United States v. Young,* 470 U.S. 1, 18, 105 S.Ct. 1038, 1047–48, 84 L.Ed.2d 1 (1985). Defendant does not suggest that there was no basis in fact for the cross-examination, *see United States v. Curcio,* 759 F.2d 237, 240–41 (2d Cir.), *cert. denied,* 474 U.S. 848, 106 S.Ct. 142, 88 L.Ed.2d 117 (1985), and a trial judge's evidentiary rulings are not subject to reversal unless the judge acted arbitrarily or irrationally. The scope of cross-examination lies within the broad discretion of the trial court. *See, United States v. Blanco,* 861 F.2d 773, 781 (2d Cir.1988), *cert. denied,* 489 U.S. 1019, 109 S.Ct. 1139, 103 L.Ed.2d 200 (1989). On direct examination, defendant denied knowing the woman who was arrested with him, having had any dealings with her before his arrest, having sold drugs to her, and having sold drugs to anybody. Cross-examination was aimed at probing his credibility regarding these assertions, and the evidence before the jury justified the prosecutor in exploring defendant's denial of involvement with Luciano. *See Curcio,* 759 F.2d at 241.

### IV

Appellant also contends that the evidence of his intent to distribute was insufficient to support his convictions on the last two counts, arguing that the quantities of heroin and cocaine found on him were consistent with personal use and that the only evidence of his intent to distribute these drugs was the fact that he was distributing crack cocaine.

A defendant challenging the sufficiency of the evidence supporting his conviction "bears a very heavy burden," *United States v. Scarpa,* 913 F.2d 993, 1003 (2d Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 111 S.Ct. 57, 112 L.Ed.2d 32 (1990). We may not overturn the conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). Defendant cites *United States v. Boissoneault,* 926 F.2d 230 (2d Cir.1991). But that case is not authority for the proposition that evidence will be insufficient whenever the amount of drugs seized is consistent with personal use. It is well settled that the government is not "required to preclude every reasonable hypothesis [that] is consistent with innocence." *United States v. Chang An–Lo,* 851 F.2d 547, 554 (2d Cir.), *cert. denied,* 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988). Unlike *Boissoneault,* where there was no evidence of the distribution of any drugs, 926 F.2d at 234, here, Rodriguez testified that he used no other drugs besides crack, so a reasonable jury could conclude that he had the cocaine and heroin in his possession only for commercial purposes.

In addition, the $4,627 seized from him, his sale of crack to the undercover officer, his admission that he had made the money over time by selling drugs, and his subsequent denial on the stand that he ever sold drugs—which makes even more incredible his testimony that, even though he may have sold crack, he did not sell cocaine and heroin—would allow a reasonable jury to conclude beyond a reasonable doubt that the defendant possessed the necessary intent to distribute the cocaine and the heroin.

The judgment of conviction is affirmed.