UNITED STATES of America, Appellee,

v.

**William PICO, Defendant–Appellant.**

No. 1414, Docket 91–1756.

United States Court of Appeals,
Second Circuit.

Submitted April 28, 1992.

Decided June 8, 1992.

Alan Bleiman, Fairfield, Conn., for defendant-appellant.

Theodore B. Heinrich, Asst. U.S. Atty., D. Conn., Bridgeport, Conn. (Albert S. Dabrowski, U.S. Atty., D. Conn., New Haven, Conn., on the brief), for appellee.

Before: TIMBERS, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered in the United States District Court for the District of Connecticut, Cabranes, *J.* Appellant William Pico pleaded guilty to conspiring to import cocaine in violation of 21 U.S.C. §§ 960(a), 963. The district court sentenced Pico to 121 months incarceration at a federal work camp followed by a life term of supervised release.

Pico directed his appointed counsel to appeal the judgment of conviction. Counsel apparently attempted to communicate with Pico concerning the appeal, but, owing in part to Pico's transfer from Connecticut to Texas, and to Pico's inability to speak English, counsel was unable to discover a reason for Pico's requested appeal. After purporting to review the entire proceedings before the district court, counsel filed a

brief in this Court, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting to be relieved as appellate counsel. In light of his inability to speak with his client concerning the appeal, however, counsel requested that the appeal not be dismissed and that successor counsel be appointed to pursue any issues Pico wished to address. The government moved for summary affirmance of the conviction.

Pico was convicted of conspiring to violate 21 U.S.C. § 960(a). 21 U.S.C. § 960(b)(1)(B) provides that for violations of section 960(a) that, like this one, involve five kilograms or more of cocaine, "[a]ny sentence under this paragraph shall ... impose a term of supervised release of at least 5 years in addition. to such term of imprisonment." United States Sentencing Guidelines (Guidelines) § 5D1.2(a) provides:

> If a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by the statute, whichever is greater.

The only supervised release term that was consistent with both the statute and the Guidelines was five years. Thus, the life term of supervised release imposed by the district court was outside the Guidelines range.

A district court may, of course, depart from a properly calculated Guidelines range if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). However, when departing from the Guidelines, the district court is required to "state in open court ... the specific reason for the imposition of a sentence different from that described." *Id.* § 3553(c)(2); *see United States v. Marquez*, 941 F.2d 60, 64–65 (2d Cir.1991).

In this case, the sentencing judge announced that "I will not be departing from the Guidelines that are established by the Sentencing Commission." Although the pre-sentence report specifically noted that the Guidelines range for a term of supervised release was from three to five years, the district court nonetheless imposed a life term of supervised release. Although Pico did not object to the length of the term of supervised release before the district court, we believe that the sentence imposed constitutes clear error under Fed.R.Crim.P. 52. *See United States v. Rodriguez*, 943 F.2d 215, 216–17 (2d Cir.1991).

The government's motion for summary affirmance of the conviction is therefore denied. We vacate the judgment as to the sentence only and remand this matter to the district court for resentencing in accordance with the appropriate Guidelines and statutory sections. Should the district court find circumstances justifying an upward departure it remains free to do so within the bounds set by 18 U.S.C. § 3553. Appellate counsel's motion to be relieved is granted and the district court is directed to appoint new counsel to represent Pico prior to resentencing him.