99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Junior M. RICKETTS, Defendant-Appellant.
 No. 95-1036.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 For defendant-appellant: Robert J. Boyle, Brooklyn, NY.
 
 
 2
 For appellee: Karen B. Shaer, Ass't U.S. Att'y, S.D.N.Y., New York, NY.
 
 
 3
 Present: McLAUGHLIN, LEVAL, Circuit Judges, PARKER, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 Junior M. Ricketts, a Jamaican national who posed as a U.S. citizen, appeals from a judgment of sentence entered in the United States District Court for the Southern District of New York (Kimba M. Wood, Judge ). He had pled guilty to: (1) stealing more than $5,000 from a federally-funded local government agency, in violation of 18 U.S.C. § 666(a)(1)(A); (2) encouraging and inducing an illegal alien to enter the United states with false documents, in violation of 8 U.S.C. § 1324(a)(1)(D); fraudulently possessing and misusing an alien registration receipt card, in violation of 18 U.S.C. § 1546; and (4) transporting a youth in foreign commerce with intent that the youth engage in criminal sexual activity, in violation of 18 U.S.C. § 2423. Judge Wood sentenced Ricketts to 90 months' imprisonment and three years' supervised release. Judge Wood also ordered that he be deported if the Immigration and Naturalization Service ("INS") deemed him to be deportable.
 
 
 7
 On appeal, Ricketts contends that he received ineffective assistance of counsel at sentencing because his attorney did not object to a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. His argument is meritless. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms" and that, "but for counsel's unprofessional errors, the result of the proceeding would [probably] have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Rickets has not satisfied either prong.
 
 
 8
 Judge Wood imposed the obstruction adjustment because Ricketts had repeatedly lied to the court about his age and identity. For example, when Ricketts sought to withdraw his guilty plea to one of the charges, he represented that he was "an American" citizen. Soon thereafter, the presentence investigation revealed that Ricketts was using a false identity to conceal his status as an illegal alien. Ricketts was not--as he represented to the investigators, prosecutors and district court--Junior Mohammed Ricketts, a United States citizen born in Brooklyn, New York, on August 31, 1964. Rather, his true name was Junior Nathaniel Ricketts; he was born October 12, 1955, in St. Andrews, Jamaica; and he was residing illegally in the United States.
 
 
 9
 Ricketts' concealment of his true identity was indisputably material, meriting an obstruction adjustment. See U.S.S.G. § 3C1.1, comment. (n.5) ("material" information is information "that, if believed, would tend to influence or affect the issue under determination"); United States v. Rodriguez, 943 F.2d 215, 218 (2d Cir.1991). By concealing his status as a deportable alien, Ricketts obviously was attempting to influence his sentence. Had Judge Wood believed him, she doubtless would not have included a deportation provision in his sentence. See United States v. Biyaga, 9 F.3d 204, 205-06 (1st Cir.1993). Since any argument against imposing the obstruction adjustment would have been meritless, counsel's failure to object was not objectively unreasonable under prevailing professional norms, and any objection would not have affected Ricketts' sentence. See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.), cert. denied, 116 S.Ct. 330 (1995).
 
 
 10
 Accordingly, the judgment of sentence is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation