99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Robert E. DELANO, Defendant-Appellant.
 No. 95-1539.
 United States Court of Appeals, Second Circuit.
 Dec. 22, 1995.
 
 Appeal from the United States District Court for the Western District of New York.
 APPEARING FOR APPELLANT: LAURIE BOREANAZ CARRA CJA APPOINTED ATTORNEY LIPSITZ, GREEN, FAHRINGER, ROLL, SALISBURY, & CAMBRIA
 APPEARING FOR APPELLEE: CHARLES B. WYDYSH ASSISTANT UNITED STATES ATTORNEY WESTERN DISTRICT OF NEW YORK
 Before CARDAMONE, WALKER, Jr., and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York (Arcara, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 On May 21, 1993, following a jury trial, defendant-appellant Delano was convicted of violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c) & (d), theft of public property under 18 U.S.C. § 666(a)(1)(A), and violations of the Hobbs Act under 18 U.S.C. § 1951. On May 16, 1995, this court affirmed the defendant's convictions both for the Hobbs Act violations and for theft from a program receiving federal funds, but we reversed the RICO and RICO conspiracy convictions. See United States v. Delano, 55 F.3d 720 (2d Cir.1995). Delano now appeals from a judgment of conviction following remand entered on September 22, 1995, in which he was resentenced to a forty-one month term of imprisonment.
 
 
 4
 Delano was the Commissioner for the City of Buffalo Parks Department between 1985 and 1990. On two occasions Delano used his power of his office and fear of economic harm to force Clyde Mays Tree Experts, a private tree removal company, to do work outside the scope of its contract with the City of Buffalo.
 
 
 5
 Delano challenges the district court's application of an eight-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(2)(B), which provides for an enhancement "[i]f the offense involved a payment for the purpose of influencing an elected official or any official holding a high level decision-making or sensitive position." Facts in connection with sentencing must be established only by a preponderance of the evidence, United States v. Sasso, 59 F.3d 341, 353 (2d Cir.1995), and the sentencing court's findings of fact will not be overturned unless clearly erroneous, United States v. Rivera, 971 F.2d 876, 893 (2d Cir.1992). Irrespective of this court's statements regarding the sufficiency of the evidence on the direct appeal, the evidence of record supports the district court's finding that Delano accepted a bribe knowing that it was provided in order to influence him in making decisions in his official capacity.
 
 
 6
 Delano also argues that the district court improperly "double counted" his position as the Commissioner of the City of Buffalo Parks Department in applying the eight-level enhancement under U.S.S.G. § 2C1.1(b)(2)(B) as well as an additional two-level enhancement under § 3B1.1(c) on the ground that the defendant was "an organizer, leader, manager, or supervisor in any criminal activity." Initially it should be noted that Delano did not specifically raise this argument below. Consequently, this court will not review this claim absent plain error. See United States v. Rodriguez, 943 F.2d 215, 217 (2d Cir.1991). Notwithstanding this fact, we conclude that the sentencing court independently and appropriately applied enhancements under both sections. As the government correctly points out, § 3B1.1 concerns a defendant's participation with others in committing the offense and his role vis-a-vis other participants, see § 3B1.1, Appl. Note 2, while § 2C1.1(b)(2) accounts for a defendant's status as a high-level decision-maker. Because these sections concern different aspects of Delano's criminal conduct, an enhancement under one section did not preclude the district court from also imposing an enhancement under the other.
 
 
 7
 Delano argues that the district court improperly used the wrong guidelines and thus created an ex post facto application of the Guidelines to appellant's sentence. This assertion is plainly incorrect, however, for the transcript reveals that the following exchange took place:
 
 
 8
 THE COURT: Do you really think that the Hobbs Act conviction is that much less or less serious than the RICO conviction?
 
 
 9
 MS. CARRA: Absolutely Your Honor. The Guidelines bear that out.
 
 
 10
 THE COURT: They do? These Guidelines do, but have you read the recent Guidelines?
 
 
 11
 MS. CARRA: The ones that aren't enacted yet?
 
 
 12
 THE COURT: The ones that are enacted in November of 1994 ... Further, the United States Sentencing Commission under the current 1994 Sentencing Guidelines--which the Court is not using--also recognizes that these offenses are equally severe. If you were to be sentenced under the present Guidelines and not the 1988 Guidelines which the Court must follow, you would face a possible term of imprisonment for the extortion convictions that would be the same or even greater than the original sentence on the RICO convictions.
 
 
 13
 The sentencing court's reference to the 1994 guidelines cannot be read to indicate that it applied those guidelines in sentencing, particularly since it stated to the contrary. The district court imposed a sentence within the range determined by the 1988 Guidelines, and the exercise of its discretion to impose a sentence at the maximum end of that range is unreviewable. United States v. Harris, 38 F.3d 95, 97 (2d Cir.1994), cert. denied, 115 S.Ct. 1269 (1995).
 
 
 14
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.