**UNITED STATES of America,**
**Appellee,**

v.

**Michael MISHOE, Defendant–**
**Appellant,**

Jason Jimenez, also known as Jay, Frankie Dellanoys, also known as Frankie Delanonoys, also known as Frankie Delanoy, also known as

Frankie Delanoys, also known as Coupon, Martin Rivera, also known as Buddha, David Frisco, Tyrelle Washington, also known as Jay Mac and Andre Grant, also known as Rollo, Defendants.

Docket No. 01–1491.

United States Court of Appeals, Second Circuit.

Sept. 13, 2002.

Andrew L. Fish, Assistant United States Attorney (James B. Comey, United States Attorney, on the brief, Gary Stein and Meir Feder, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, On Submission, for Appellee..

David Wikstrom, Law Office of David Wikstrom, New York, NY, On Submission, for Appellant.

Present WILFRED FEINBERG, JOSÉ A. CABRANES, and FRANK J. MAGILL,* Circuit Judges.

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part, **VACATED and REMANDED** in part.

Defendant Michael Mishoe timely appeals from a September 20, 2001 judgment of the District Court convicting him, fol-

---

* The Honorable Frank J. Magill of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

lowing a remand from our Court for resentencing. The defendant's attorney argues that the District Court erred by imposing too lengthy a supervised release term. Specifically, he argues that imposition of a five-year term of supervised release under United States Sentencing Guidelines ("U.S.S.G.") § 5D1.2(a)(2), without upwardly departing, was plain error. The Government agrees.

The defendant was convicted of violating 21 U.S.C. § 841(b)(1)(C) for distributing crack cocaine. Under Section 841(b)(1)(C), "any sentence imposing a term of imprisonment under this paragraph shall ... impose a term of supervised release of at least three years." Under U.S.S.G. § 5D1.2(a)(2), which is the applicable guideline section for class C felonies, *see* 18 U.S.C. § 3559(a)(3), like the felony for which the defendant was convicted, "if a term of supervised release is ordered, the length of the term shall be ... at least two years but not more than three years for a defendant convicted of a Class C ... felony."

A District Court may depart from the Guidelines range if it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). But before departing from the Guidelines, a district court must "state in open court ... the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2); *see United States v. Marquez*, 941 F.2d 60, 64–65 (2d Cir.1991).

In the instant case, the District Court did not indicate that it intended to make an upward departure. Nonetheless, the Court imposed a five-year term of supervised release for a violation of 21 U.S.C. § 841(b)(1)(C), when pursuant to U.S.S.G. § 5D1.2(a)(2), a three year supervised term was the maximum it could impose. Although the defendant did not object to this supervised release term, we conclude that, in the circumstances presented, the term imposed constituted plain error under Federal Rule of Criminal Procedure 52. *See United States v. Pico*, 966 F.2d 91 (2d Cir.1992) (vacating a sentence as clear error under Federal Rule of Criminal Procedure 52 where the District Court imposed a lifetime term of supervised release after indicating that it was not departing upwardly and where the Sentencing Guidelines imposed a five-year maximum term). Accordingly, we vacate the sentence and remand for resentencing.

In addition, the defendant argues, in a brief filed *pro se*, that the District Court erred in finding that he distributed 50 grams of cocaine base and that he was a career offender. However, these claims are foreclosed by, *inter alia*, the defendant's plea agreement. In the agreement, the defendant waived his right to appeal any sentence within or below 151 to 188 months of imprisonment. [JA 14–15] Because the defendant was sentenced to 140 months—which is below the range specified in the plea agreement—he has waived his right to appeal his sentence. *See, e.g., United States v. Garcia*, 166 F.3d 519, 521–22 (2d Cir.1999); *United States v. Maher*, 108 F.3d 1513, 1531 (2d Cir.1997).

For the reasons stated above, we **VACATE** the sentence and **REMAND** the cause for further proceedings consistent with this order.