### UNITED STATES of America,
Appellee,

v.

Jose Ramon FRIAS–GENOA, also known as Primo, also known as Jose Frias, Iris Febus–Rivera, also known as Iris Rivera, Francisco Cordero–Figueroa, also known as Francisco Cordero, Esperanza Marquez, also known as Esperanza Guillermo–Roque, Mahir Bassam Marji, also known as George also known as Tony, Alba Berrios, Ramon Rivera, also known as Poppy, Regino Marte, also known as El Cunado, also known as The brother-in-law, also known as Ray, Aracelio Mejias, also known as Kiko, Lazaro Patterson–Cuesta, also known as Miguel Patterson, also known as Miguel, Iris Janet Correa, also known as Maria Garcia, also known as Maria Gar-

cia–Alvarez, also known as Johnny, Edward Jose Antonio and Paulino Frias, also known as Roberto, also known as Edwar Paulino, Defendants,

David Alphonse–Rios, also known as David Arhose, also known as David Alberto Alhonse, also known as David Alphose Rios and Henry Nelson Santos–Prado, also known as Malone, also known as Juan Soto Cresto, also known as Angel Roldon, also known as Jonathon Torres, also known as Juan Soto, also known as Juan Soto–Crespo, Defendants–Appellants.

No. 02–1671(L), 02–1727.

United States Court of Appeals, Second Circuit.

Oct. 9, 2003.

Elizabeth S. Riker, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (John E. Kelly, Assistant United States Attorney), for Appellee, of counsel.

Bruce R. Bryan, Baldwin, Wangerman Law Firm, Syracuse, NY, for Defendant–Appellant Alphonse–Rios, Paul G. Carey, Syracuse, NY, for Defendant–Appellant Santos–Prado, for Defendants–Appellant.

Present: MINER, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and they hereby are **AFFIRMED.**

In 2001, David Alphonse–Rios and Henry Nelson Santos–Prado were charged, along with twelve co-conspirators, with participation in a conspiracy to distribute 5 or more kilograms of cocaine and 50 or more grams of cocaine base. Alphonse–Rios pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute cocaine in violation of 21 U.S.C. § 846, and was sentenced to 71 months of incarceration. Santos–Prado pleaded guilty to one count of Conspiring to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846. He

was sentenced to a term of incarceration of 360 months. Defendants–Appellants now bring challenges to numerous aspects of their sentencing, all of which are without merit.

## I. Alphonse–Rios

■ Alphonse–Rios contends first that the district court erred in applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.[1] The government is required to prove the facts necessary to support a § 3C1.1 enhancement by a preponderance of the evidence only. *See United States v. Hernandez*, 83 F.3d 582, 585 (2d Cir.1996). We review the sentencing court's findings of facts for clear error, and its "application of the Guidelines to established facts ... de novo, with 'due deference' to the sentencing court." *United States v. Mafanya*, 24 F.3d 412, 414 (2d Cir.1994). Alphonse–Rios does not dispute that he (a) gave false information to law enforcement agents after his arrest, and (b) lied about his name, place of birth, citizenship, and prior arrests in two interviews with a Probation Officer. He argues instead that these false statements were neither "material" nor "wilful," as these terms are defined in § 3C1.1, and in our case law.

Outstanding warrants and previous arrests can affect a district court's decision about how to sentence a defendant within the applicable Guideline Range. *See* 18 U.S.C. § 3553; *United States v. Rodri-*

*guez*, 943 F.2d 215, 218 (2d Cir.1991) (citing *United States v. Garcia*, 902 F.2d 324, 325–26 (5th Cir.1990), for the proposition that an "intentional lie concerning prior arrest [can] constitute[ ] obstruction of justice"). The district court, therefore, correctly concluded that the defendant's false statements about his prior criminal history were material, because, if believed, they would have "tend[ed] to affect [his] sentence." *Rodriguez*, 943 F.2d at 218.

■ Alphonse–Rios further contends that he lied only because he was afraid that the government would learn of his illegal status and deport him, thus separating him from his family. He argues, in effect, that § 3C1.1 only applies if the false statements are specifically intended to obstruct the instant proceeding. Even if defendant's deviated wilfulness argument had merit, which we need not decide, his intentional lie about his arrest record was, on the evidence in the record, manifestly connected to *this* proceeding and wilful. Defendant's false statements about his arrest record (as against, perhaps, his false statements about his identity and citizenship) were extremely unlikely to derive from his fear of deportation, since the current crime, to which he pleaded guilty, would in itself make deportation mandatory once his identity as a non-citizen was determined. The district court was thus within its discretion to apply the enhancement.

---

1. U.S.S.G. § 3C1.1 provides:

   If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense or conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

   Application Note 4 gives a "non-exhaustive list" of examples of the kinds of conduct to which the adjustment applies. This list includes:

   (f) providing materially false information to a judge or magistrate;

   (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;

   (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court.

Alphonse–Rios also argues that the district court erred in refusing to grant a "safety valve" reduction under U.S.S.G. § 5C1.2. After an evidentiary hearing, the district court held that defendant did not meet the fifth requirement for such a reduction, because he did not "prove both that the information he . . . provided to the Government was objectively true and that he . . . subjectively believed that such information was true." *United States v. Reynoso*, 239 F.3d 143, 147 (2d Cir.2000). We have no cause to believe that the district court committed error, much less clear error in making this finding.

■ Alphonse–Rios lastly contends that the district court erred in not granting a three-level minor role adjustment pursuant to U.S.S.G. § 3B1.2. The district court's determination here is fact intensive, and reviewed for clear error. *United States v. Imtiaz*, 81 F.3d 262, 265 (2d Cir.1996) (per curiam). After an evidentiary hearing, the court found that the defendant "is a dealer and has been for a substantial period of time," and that a minor role adjustment was therefore inappropriate. It was well within the court's authority to so rule.

*II. Santos–Prado*

Santos–Prado contends that the trial court erred in finding that he possessed a firearm in connection with the narcotics conspiracy, and, therefore, in its application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). He also claims that the court erred in finding that he was an organizer or leader of a conspiracy that included five or more participants, and accordingly in applying a four-level adjustment under U.S.S.G. § 3B1.1(a). The district court adduced copious evidence for both of these findings, and the defendant has given us no cause to doubt the court's determinations.

■ Finally, Santos–Prado contends that the district court clearly erred in find-

ing that his notice of plea was "untimely" and thus refusing to grant an additional reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2) (2002). Defendant did not notify the government of his intent to plead guilty until the middle of jury selection. The district court was thus well within its discretion in finding that such notice was not "timely," and hence, in denying the defendant the one-level reduction. *See United States v. Patasnik*, 89 F.3d 63, 73 (2d Cir.1996).

We have considered all of the defendants' claims and find them meritless. We therefore AFFIRM the judgments of the district court.

