318

**UNITED STATES of America,**
**Appellee,**

v.

**Winston THOMAS, Defendant–**
**Appellant.**

**No. 03–1328.**

United States Court of Appeals,
Second Circuit.

April 1, 2004.

Adrian J. Burke, Burke & Burke, Rochester, NY., for Appellant.

Stephan Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney, on the brief; Bret A. Puscheck, Assistant United States Attorney, Western District of New York, Buffalo, NY., for Appellee, of counsel.

PRESENT: FEINBERG, CABRANES and POOLER Circuit Judges.

SUMMARY ORDER

Defendant appeals from a judgment of conviction entered May 9, 2003, by the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*), after a bench trial, finding him guilty of possession with intent to distribute a substance containing marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

Defendant argues on appeal that there was insufficient evidence for a reasonable fact finder to conclude beyond a reasonable doubt that he violated 21 U.S.C. § 841(b)(1)(D). Specifically, he argues that the District Court wrongly concluded that the evidence established beyond a reasonable doubt that he had the requisite "intent to distribute" the marijuana in his possession.

Defendant relies primarily on our decision in *United States v. Boissoneault*, 926 F.2d 230 (2d Cir.1991), in which we held that there was insufficient evidence to establish "intent to distribute" where the evidence of "intent to distribute" consisted of a small quantity of narcotics and a significant amount of cash in the defendant's possession. *See id.* at 234. However, we have previously held that "th[e *Boissoneault* ] case is not authority for the proposition that evidence will be insufficient whenever the amount of drugs seized is consistent with personal use." *United States v. Rodriguez*, 943 F.2d 215, 219 (2d Cir.1991).

In this case, the District Court's determination relied on more than just the defendant's possession of marijuana and a sizeable sum of money. Most significantly, unlike in *Boissoneault*, the District Court had the benefit of the defendant's own testimony at trial, and the record reveals that the Court relied heavily on defendant's testimony to evaluate his credibility and weigh the evidence. *See United States v. Thomas*, No. 02–CR–6017T(B), at 19–21 (W.D.N.Y. Jan. 23, 2003); *see also Rodriguez,* 943 F.2d at 219 (concluding that there was sufficient evidence for a

rational fact finder to conclude the defendant had "intent to distribute" where evidence of possession was corroborated by defendant's lack of credibility in testifying at trial).

Accordingly, for substantially the reasons stated by the District Court in its January 23, 2003 Order and Verdict, *see Thomas*, No. 02–CR–6017T(B), at 19–21 (W.D.N.Y. Jan. 23, 2003), we hold that there was sufficient evidence to support the District Court's conclusion beyond a reasonable doubt that defendant possessed marijuana with "intent to distribute," in violation of 21 U.S.C. § 841(b)(1)(D).

The judgment of the District Court is AFFIRMED.