**UNITED STATES, Appellee,**

v.

**Ernest NEWTON, Defendant–Appellant.**

**No. 06–0714–cr.**

United States Court of Appeals, Second Circuit.

Nov. 30, 2006.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Joseph Martini, Pepe & Hazard LLP, Southport, CT, for Defendant–Appellant.

Kevin J. O'Connor, United States Attorney, District of Connecticut (William J. Nardini and James J. Finnerty, Assistant United States Attorneys, on the brief), for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD M. BERMAN, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Ernest Newton, who pled guilty to bribery, mail fraud, and tax evasion, appeals from the judgment of the United States District Court for the District of Connecticut (Nevas, *J.*). The District Court sentenced Newton to 60 months' imprisonment. On appeal, Newton argues that the District Court (1) violated the *Ex Post Facto* Clause when it calculated the applicable Guidelines range by applying the 2005 Sentencing Guidelines Manual instead of the 2003 Manual in effect at the time he committed his bribery offense, and (2) erred in applying the obstruction-of-justice enhancement when it determined his offense level. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

* The Honorable Richard M. Berman, of the United States District Court for the Southern    District of New York, *sitting by designation.*

■ The district court stated that it would have imposed the same sentence even if the 2003 Manual governed. Accordingly, it would be unnecessary to reach the *Ex Post Facto* Clause issue if we could determine that the 60 month sentence was reasonable under the 2003 Manual. But the district court's statement that it would have imposed the same sentence no matter which of the two manuals applied is insufficient for us to conduct such a reasonableness review. In the clarification order—which was a valid exercise of the district court's authority, *see United States v. Nichols*, 56 F.3d 403, 411 (2d Cir.1995)—the district court provided no reasons why it would have imposed the 60 month sentence if, due to the application of the 2003 Manual, the relevant Guidelines range was 33 to 41 months (instead of the 70 to 87 months that resulted from the application of the 2005 Manual).[1] This lack of any explanation is problematic because the 60 month sentence is significantly higher than the upper end of the applicable Guidelines range under the 2003 Manual. We have held that when a district court imposes a sentence that exceeds the relevant Guidelines range by a significant amount, "a compelling statement of reasons that reflect consideration of [18 U.S.C.] § 3553(a) and set forth why it was desirable to deviate from the Guidelines" is critical to our ability to assess the reasonableness of the sentence. *See United States v. Rattoballi*, 452 F.3d 127, 134–35 (2d Cir.2006) (cited in *United States v. Pereira*, 465 F.3d 515, 525 n. 9 (2d Cir. 2006)). No such statement of reasons having been given, we are unable to assess whether, if the 2003 Guidelines did apply, the 60 month sentence was reasonable. *See United States v. Lewis*, 424 F.3d 239, 249 (2d Cir.2005). This does not, of course, mean that such a sentence is, in fact, unreasonable.

Accordingly, we remand to the district court for resentencing. If the district court resentences Newton to 60 months' incarceration and asserts that it would impose that sentence under the 2005 or 2003 Manual, then it should provide a statement of reasons, in both oral and written forms, explaining its sentence in the alternative. Before it issues such a statement, the district court should allow Newton the opportunity to challenge the grounds for imposing the 60 month sentence if the applicable sentencing range is, pursuant to the 2003 Manual, 33 to 41 months. *See United States v. Anati*, 457 F.3d 233, 234 (2d Cir.2006) (holding that a district court may not *sua sponte* impose a non-Guidelines sentence unless it gives the adversely affected party notice and allows that party the opportunity to challenge the grounds for such a sentence). After the District Court has resentenced, pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter that the statement been made, and the returned appeal will be assigned to this panel. An additional notice of appeal will not be needed.

■ As to Newton's second sentencing objection, we hold that the district court did not err when it applied the obstruction-of-justice enhancement pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3C1.1.[2] The district court

---

1. The district court explained admirably why it imposed a 60 month sentence when it found that, under the 2005 Manual, the relevant Guidelines range was 70 to 87 months.

2. Both the 70 to 87 months range, imposed under the 2005 Manual, and the 33 to 41 months range, imposed under the 2003 Manual, are based, in part, on the defendant receiving a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1.

cited two grounds for its imposition of the enhancement: (1) Newton's interaction with Warren Keith Godbolt, and (2) his filing of deliberately false paperwork with the State Ethics Commission. With respect to the district court's first reason, the defendant argues that he was effectively talking to law enforcement when he spoke with Godbolt in the conversations that gave rise to the obstruction enhancement. The defendant contends that, as a result, the obstruction enhancement could be applied only if the district court had found that the conversations "significantly obstructed or impeded the official investigation or prosecution of the instant offense." *See* U.S.S.G. § 3C1.1 comment. 4(g), 5(b) (explaining that the obstruction enhancement ordinarily is not applied when the alleged obstruction involves "making false statements, not under oath, to law enforcement officers" unless the false statement is material and "significantly obstructed or impeded the official investigation or prosecution of the instant offense"). But the defendant points to no case law, and we not aware of any, that holds that a private individual acting under law enforcement supervision constitutes a "law enforcement officer" for purposes of applying U.S.S.G. § 3C1.1. And, if Godbolt is not considered a law enforcement officer, the obstruction enhancement was properly applied even if Newton's conduct did not significantly obstruct or impede the investigation. *See United States v. Phillips*, 367 F.3d 846, 859 (9th Cir.2004) ("[T]he significant obstruction and materiality requirements of application note 4, subsection (g), do not apply to a defendant's *attempt to influence* a witness." (emphasis in original)).

In any event, the district court cited a reason separate from Newton's conversations with Godbolt for imposing the enhancement—the fact that the defendant filed paperwork with the State Ethics Commission showing that he received the $5,000 payment as a consultant fee. One example of obstruction provided in the commentary to U.S.S.G. § 3C1.1 is "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, comment. 4(c). The defendant does not appear to contest the district court's finding that the paperwork filed with the State Ethics Commission regarding the "consulting fee" constituted a false document. Rather, he argues that because at the time it was filed the FBI already had sufficient evidence that the $5,000 payment constituted a bribe, the paperwork did not have any effect on the investigation and thus could not have obstructed justice. This contention is unavailing. We have repeatedly rejected the argument that an action taken by a defendant (or statement made by him) with the intent of obstructing justice can constitute obstruction under § 3C1.1 only when it is does in fact obstruct or impede the investigation. *See United States v. Irabor*, 894 F.2d 554, 556 (2d Cir.1990); *see also United States v. Echevarria*, 33 F.3d 175, 179 (2d Cir.1994); *United States v. Rodriguez*, 943 F.2d 215, 218 (2d Cir.1991).

For the foregoing reasons, the district court's judgment is AFFIRMED with respect to the application of the obstruction-of-justice enhancement and REMANDED for the district court to provide further explanation for why it would have imposed the 60 month sentence if the 2003 Manual applied.