**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesus GARCIA, Defendant-Appellant.**

No. 89–3840
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 18, 1990.

---

David J. Finger, Levine & Finger, Miami, Fla., for defendant-appellant.

Robert J. Boitmann, Steven J. Irwin, Asst. U.S. Attys., John Volz, Constantine Georges, U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant appeals his sentence following entry of a plea of guilty. We find no error and affirm.

I.

Defendant-appellant Jesus Garcia was charged, in a two-count indictment, with conspiracy to possess with intent to distribute 25 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1); and possession with intent to distribute 25 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After initially entering pleas of not guilty, Garcia entered a plea of guilty to the first count of the indictment (the conspiracy count), pursuant to a plea agreement with the government. The court accepted the plea and ordered a presentence investigation.

Upon completion of the presentence investigation (PSI), the PSI report was issued and both the government and Garcia were permitted to file objections and to present testimony in a sentencing hearing. Garcia was sentenced to a prison term of 188 months, to be followed by a five-year supervised release term. The court accepted the report of the probation officer which concluded that Garcia was engaged in the distribution of 275 kilograms of cocaine rather than the 25 kilograms charged in the indictment and stipulated to in the plea bargain agreement. This fixed the base offense level at 36 rather than at 34. In addition, the court assessed a two-level increase for obstruction of the administration of justice and an offsetting two-level decrease for acceptance of responsibility. This yielded an applicable guideline range of 188–235 months, to the low end of which Garcia was sentenced.

Garcia filed a timely notice of appeal from the sentence imposed by the court; he does not challenge his conviction.

II.

A.

Garcia first argues that the district court erred in increasing the offense level by two for obstructing the administration of justice. The district court found that when asked about prior arrests, he told Probation Officer Thomas Mallia he had been arrested once in Bahamian waters for fishing where fishing was prohibited. What he did

not tell Mallia was that he had also been arrested, in connection with the same incident, for possession of marijuana. That charge was subsequently dismissed. The court also found that Garcia told Pre-trial Services Officer Barbara Davis that he had only traffic offenses in Florida, again omitting the marijuana arrest.

The applicable provision of the Sentencing Guidelines, § 3C1.1, instructs that "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." Application Note 1(e) to the same section indicates that "furnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court" may provide a basis for the upward adjustment.

■ A determination made by the trial court to increase the offense level for obstructing the administration of justice is reviewed by this court for clear error. *United States v. Pierce*, 893 F.2d 669, 677 (5th Cir.1990). Here, after listening to the testimony of Mallia, Davis, and Garcia at the sentencing hearing, the court determined that "there was a conscious effort on the part of [Garcia] to misrepresent, or at least hide, a highly relevant instance of prior possible criminal conduct, or at least a charge involving criminal conduct."

Garcia points out that Application Note 2 to the guideline provides that "suspect testimony and statements should be evaluated in a light most favorable to the defendant." We explained in *United States v. Franco–Torres*, 869 F.2d 797, 801 (5th Cir.1989), that this note does not require the sentencing court to believe the defendant, but "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction."

■ Although the evidence concerning Garcia's statements about the prior arrest is conflicting, the record clearly indicates that the trial judge was firmly convinced Garcia intentionally lied about the arrest during the presentence investigation. We therefore find no error in the trial court's decision to increase Garcia's offense level for willful obstruction of the administration of justice.

### B.

■ Garcia next contends that the trial court erred in its application of the guidelines by determining that his relevant conduct involved a greater amount of cocaine, resulting in a higher base offense level, than the amount to which the parties had stipulated and which the court had accepted as the relevant conduct at the time the court accepted the plea. Garcia does not suggest that the district court is bound by the quantity of drugs mentioned in the indictment. He simply maintains that the court is bound by stipulations entered into between the parties and which were accepted by the court when he entered his plea. This court, in *United States v. Sarasti*, 869 F.2d 805, 806–07 (5th Cir.1989), held that the trial court is not bound by the quantity of drugs mentioned in the indictment.

In essence, Garcia appears to contend for a benefit of the bargain approach under which the court would be bound by the express terms of the plea agreement. But this is not the approach the Commission adopted.

The Commission, in referring to plea agreements, has provided that "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." § 6B1.4(d). Garcia interprets the commentary to § 6B1.4, that "[s]ection 6B1.4(d) makes clear that the court is not obliged to accept the stipulation of the parties," to mean that once the court *has* accepted the stipulation, it has thereby bound itself to the terms of the stipulation irrespective of whatever additional information may be brought to the court's attention in the presentence report. Garcia simply fails to consider the balance of the commentary, which provides that

[e]ven though stipulations are expected to be accurate and complete, the court

cannot rely *exclusively* upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will *consider* the stipulation, *together with the results of the presentence investigation,* and any other relevant information.

§ 6B1.4 commentary (emphasis added).

A fair reading of the section and commentary support the district court's position that it was entitled to consider facts other than those stipulated in arriving at relevant sentencing information.

Because we find no error, the judgment of the district court is AFFIRMED.