986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Alfredo RAMIREZ-LOPEZ, also known as Alfredo Aalcazar, also
known as Alfredo Gaytan, Appellant.
 No. 92-2584.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 14, 1993.
Filed: January 22, 1993.
 
 Before LOKEN and HANSEN, Circuit Judges and VAN SICKLE,* District Judge.
 PER CURIAM.
 
 
 1
 Alfredo Ramirez-Lopez appeals the thirty-six-month sentence imposed by the district court[1] following his guilty plea to distributing cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 Appellant was indicted for selling two ounces of cocaine to a government informant for $3000. Pursuant to a plea agreement, appellant pleaded guilty to the indictment; stipulated that he had failed to appear for trial in Bureau County, Illinois, on a charge of possession with intent to distribute fourteen grams of cocaine; and agreed in exchange for dismissal of the pending state charge that the fourteen grams could be used in determining his federal sentence.
 
 
 3
 The presentence report (PSR) calculated appellant's total offense level as 18 and his criminal history category as III, producing a sentencing range of 33 to 41 months. This calculation included a two-level increase for obstruction of justice because of appellant's false statements to the probation officer, and the denial of an acceptance-of-responsibility reduction based on his false statements and on his explanation of the circumstances surrounding his two drug arrests, which the PSR called incredible.
 
 
 4
 Appellant objected to an obstruction-of-justice increase and the denial of an acceptance-of-responsibility reduction. He argued that he did not intend to mislead the probation officer by failing to report his prior arrests and convictions in Illinois, which he thought were insignificant because they were for misdemeanors, and that the misstatements were not material because the probation officer had access to his Illinois criminal history. He argued that his guilty plea provided evidence of his acceptance of responsibility, that he was sincerely contrite for his actions, and that he had attempted to assist the government in its investigation of other drug trafficking activity.
 
 
 5
 The district court denied appellant's objections and sentenced him to thirty-six months in prison. The court found that he "provided materially false information to the probation officer during his presentence investigation, that is, denial of previous arrests and convictions and denial of use of aliases and thereby willfully obstructed the administration of justice during the sentencing process for the instant offense," and that he had not "clearly demonstrated a recognition and affirmative acceptance of personal responsibility" because he had "obstructed justice ... and ... made incredible explanations to the authorities of the extent of his involvement" in the instant offense and the Illinois offense. On appeal, appellant contends that the district court erred in denying his objections.
 
 
 6
 Appellant's attack on the obstruction-of-justice increase is meritless. An increase for obstruction of justice is warranted if a defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n.3(h)). A defendant's false statements about his or her criminal history are material, even though the probation officer ultimately discovers they are false, because such statements, if believed, would have a significant impact on the outcome of the sentencing proceeding. United States v. St. Cyr, 977 F.2d 698, 705 (1st Cir. 1992); United States v. Dedeker, 961 F.2d 164, 166-68 (11th Cir. 1992); United States v. Garcia, 902 F.2d 324, 326 (5th Cir. 1990); United States v. Baker, 894 F.2d 1083, 1084 (9th Cir. 1990).
 
 
 7
 We afford great deference to the district court's denial of an acceptance-of-responsibility reduction. Here, the Guidelines expressly provide that, "[c]onduct resulting in an [obstruction of justice] enhancement ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The HONORABLE WILLIAM G. CAMBRIDGE, United States District Judge for the District of Nebraska