## UNITED STATES of America, Plaintiff–Appellee,

### v.

### Larry Dale PENNINGTON, Defendant–Appellant.

No. 93–7074.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1993.

James D. Franks, Hernando, MS (Court-appointed), for defendant-appellant.

Paul D. Roberts, Asst. U.S. Atty., AUSA, Robert Q. Whitwell, U.S. Atty., Oxford, MS, for plaintiff-appellee.

Before VAN GRAAFEILAND [*], SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Larry Pennington appeals the upward departure from the Sentencing Guidelines range for his conviction on two counts of conspiracy to violate federal laws. Although we find that an upward departure was appropriate, we conclude that the district court misapplied the guidelines' upward departure methodology, so we remand for resentencing.

## I.

On January 25, 1992, Pennington and others broke into a trucking depot in Batesville, Mississippi, and stole a 1989 Freightliner truck and Lufkin trailer containing approximately $19,000 worth of furniture, which was to be transported to Destin, Florida. Pennington helped to destroy the truck and to attempt to sell the property. When arrested, Pennington voluntarily revealed his involvement in other truck and trailer thefts, leading to the recovery of eleven rigs.

Pennington was charged on a two-count information of conspiracy to violate federal laws by stealing freight from interstate de-

[*] Circuit Judge for the Second Circuit, sitting by designation.

pots and by receiving stolen interstate motor vehicles and changing their vehicle identification numbers, in violation of 18 U.S.C. § 371. Pennington pled guilty to both counts and was sentenced on January 19, 1993.

The presentence investigation report ("PSR") indicated that Pennington had an offense level of 17 and a criminal history category of VI, which yielded an imprisonment range of 51 to 63 months. The government filed written motions for an upward departure under U.S.S.G. § 4A1.3, based upon an inadequate criminal history and a downward departure under § 5K1.1 based upon substantial assistance.

Pennington objected to the upward departure, but the court adopted the PSR and departed from the guidelines range because of Pennington's criminal history and the large amount of money involved in the thefts. Pennington was sentenced to 84 months' imprisonment (42 months on each count to run consecutively) and three years' supervised release.

## II.

Pennington challenges his sentence on two grounds. First, he asserts that the upward departure was calculated based upon a faulty extrapolation of the criminal history category instead of using a higher base offense level. Second, he contends that the downward departure reflected only his substantial assistance with authorities but not his acceptance of responsibility.

We review a departure under a two-prong test: "A departure from the guideline will be affirmed if the district court offers 'acceptable reasons' for the departure and the departure is 'reasonable.'" *United States v. Velasquez–Mercado,* 872 F.2d 632, 635 (5th Cir.), *cert. denied,* 493 U.S. 866, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989). The reasons articulated by the district court are findings of fact that we review for clear error. *United States v. Murillo,* 902 F.2d 1169, 1173 (5th Cir.1990).

## A.

The motion for upward departure set forth an extrapolated criminal history table. As Pennington received 26 points for his criminal history and category VI is assigned to those with 13 points or higher, the government created "suggested" categories VII–X, extrapolated from the ranges for criminal history levels I–VI. The imaginary category X had a range of 99–111 months.

Pennington asserts three flaws in his sentence. First, he challenges the court's assessment of his prior history points without considering the non-violent nature of his prior theft-related crimes. Second, he argues that instead of the extrapolation of criminal history categories, § 4A1.3 provides for a departure by moving incrementally down the sentencing table to the next highest offense level until the court finds an appropriate guideline range. Third, Pennington contends that the suggested extrapolation is excessive, providing for twelve-month increases per category increase, even though the actual table increases the ranges by only 3, 3, 7, 9, and 5 months as the categories increase.

■ The district court's conclusion that Pennington's criminal history category was inadequate was not clearly erroneous. Pennington had a long history of crime that, although non-violent, demonstrated a disrespect for the law not adequately reflected by a category VI criminal history. Furthermore, several prior convictions were not included in his criminal history category calculation; these convictions alone justified a departure.

■ As for the method of departure, a November 1, 1992, amendment to § 4A1.3 clarified the recommended approach to determine an upward departure. This court recently considered this issue in *United States v. Lambert,* 984 F.2d 658, 663 (5th Cir.1993) (en banc), in which we determined that "when a district court intends to depart above Category VI, it should still stay within the guidelines by considering sentencing ranges for higher base offense levels."

Although we agree that the reasons stated by the district court warranted an upward departure, the method of departure was inappropriate, and the government acknowledges that the district court did not follow the methodology mandated by *Lambert.*

The Sentencing Commission expressed its intent that courts reach "systematic, uniform sentences even in cases where a departure is appropriate." *Id.* Accordingly, we must remand for resentencing in order to maintain the consistency of district courts' application of the guidelines.

### B.

 Pennington argues that the downward departure reflected his cooperation with government authorities but not his acceptance of responsibility. He contends that he is entitled to a further three-level decrease in his base level offense for his acceptance of responsibility.

■ It appears that the sentencing court did consider both Pennington's assistance and his acceptance of responsibility. Although the court need not automatically grant a downward departure merely because the government moves for it, *see United States v. Damer*, 910 F.2d 1239, 1241 (5th Cir.), *cert. denied*, 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990), the court sentenced Pennington to 84 months, a downward departure from the imaginary 99–111–month range. And although the net effect of the upward and downward departures was a net increase, we find this result acceptable in those rare cases in which a court departs in both directions. *See, e.g., United States v. Harotunian*, 920 F.2d 1040, 1041–42 (1st Cir. 1990). Pennington was not entitled to a downward departure as a matter of right, and a net increase cannot be characterized as a misapplication of the guidelines where both upward and downward departures are granted.

### C.

■ In his addendum to his notice of appeal, Pennington raises additional grounds of error. We find no error in the amount of his fine and restitution. Furthermore, the district court has discretion to impose the sentences consecutively, as opposed to concurrently.

### III.

We find the district court's reasons for departure not clearly erroneous. Nevertheless, because we find a misapplication of the method of calculating an upward departure under the guidelines, we VACATE Pennington's sentence and REMAND for resentencing consistent with our recent decision in *Lambert.*