IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40421
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

        versus

ROXANNE BUCKLEY,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CR-4)
_____
November 6, 1995
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Roxanne Buckley pled guilty to one count of bank fraud in
violation of 18 U.S.C. § 1344, and she was sentenced to fifteen
months imprisonment, three years supervised release, a $2,000
fine and restitution in the amount of $17,656.59.  Buckley
appeals her sentence.  We affirm.

---

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

# I. BACKGROUND

Roxanne Buckley ("Buckley") and her husband operate a plumbing contracting company named Liberty Mechanical. Between February and March 1994, Buckley altered eight checks issued by Alliance Construction, Inc., each made payable to Liberty Mechanical and a subcontractor as co-payees. In all, four different subcontractors had been designated as co-payees on the checks. These checks were payment for services rendered by the subcontractors. Buckley was supposed to endorse the checks and forward them to the subcontractors. Instead, she removed the names of the subcontractors and deposited the checks into the account of Liberty Mechanical at First Bank and Trust in Cleveland, Texas. At the sentencing hearing, Buckley explained that she altered the checks because Liberty Mechanical was having financial problems due to large amounts of money owed to them by general contractors.

When Alliance Construction discovered the alterations, it notified its bank, Compass Bank, which then notified First Bank and Trust. Buckley admitted making the alterations at a meeting with an official of First Bank and Trust, and made arrangements for restitution. First Bank and Trust credited the checks back to Compass Bank, and Alliance Construction then paid the subcontractors. The total amount of the checks was $62,680.45, and as of February 9, 1995, Buckley had repaid $45,023.86 to First Bank and Trust, leaving a balance of $17,656.59.

2

On January 11, 1995, Buckley was charged with one count of bank fraud, to which she pled guilty pursuant to a written plea agreement on January 26, 1995. On May 12, 1995, following a hearing, Buckley was sentenced. The notice of appeal was timely filed on May 16, 1995.

## II. STANDARD OF REVIEW

A sentencing court's factual findings must be supported by a preponderance of the evidence, and we review such findings under the clearly erroneous standard. United States v. McCaskey, 9 F.3d 368, 372 (5th Cir. 1993), cert. denied, 114 S. Ct. 1565 (1994). The sentencing court's interpretations of the guidelines, being conclusions of law, are reviewed de novo. Id.

## III. DISCUSSION

The Presentence Report ("PSR"), which was adopted by the district court, established a base offense level of 6 pursuant to U.S.S.G. § 2F1.1, the applicable guideline for fraud. The PSR then gave Buckley a five-point upward adjustment because the loss was greater than $40,000 (U.S.S.G. § 2F1.1(b)(1)(F)), a two-point upward adjustment because the scheme to defraud involved more than one victim (U.S.S.G. § 2F1.1(b)(2)(B)), and a two-point upward adjustment for obstruction of justice for failing to disclose ownership of real property and two prior criminal convictions (U.S.S.G. § 3C1.1). Buckley's total offense level, after the district court reduced the PSR's total offense level by

3

two points for acceptance of responsibility, was 13.  Based on a total offense level of 13 and a criminal history category of I, the guideline range for imprisonment was twelve to eighteen months.  The district court sentenced Buckley to fifteen months imprisonment, three years supervised release, a $2,000 fine, and $17,656.59 restitution.  On appeal, Buckley challenges the upward adjustments for obstruction of justice and for a scheme to defraud more than one victim.

## A.    Obstruction of Justice

The sentencing court's determination of whether a defendant obstructed justice is a factual finding which we review for clear error.  United States v. Tello, 9 F.3d 1119, 1122 (5th Cir. 1993); United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir.), cert. denied, 502 U.S. 918 (1991).  "A finding is clearly erroneous when, although some evidence supports the decision, we are left with the definite and firm conviction that a mistake has been committed."  Tello, 9 F.3d at 362.

Section 3C1.1 provides for a two-level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."  U.S.S.G. § 3C1.1.  The obstruction of justice enhancement applies when a defendant "provid[es] a materially false statement to a probation officer in respect to a

4

presence or other investigation for the court." U.S.S.G. § 3C1.1, cmt., n.3(h).

The probation officer recommended application of § 3C1.1 because Buckley failed to disclose her ownership with her husband of six parcels of real estate valued at a total of $35,330, and failed to inform the probation officer of two prior misdemeanor convictions for theft by check. Buckley objected to the PSR's enhancement for obstruction of justice, arguing that her failure to disclose these facts was not a material falsehood. She claimed that three of the parcels of real estate were involved in a bankruptcy proceeding, the title to a fourth was in dispute, and a fifth property, on which she had monthly rental income of $75, was forgotten until the probation officer mentioned it, at which time she fully disclosed ownership. As to the prior convictions, Buckley claimed that the probation officer asked her if she had ever been arrested, which she had not, and thus she did not lie. Furthermore, because no criminal history points were awarded for these offenses, their omission was not material because it did not affect the outcome of the case.

The district court overruled Buckley's objection, reasoning that Buckley's failure to disclose real estate that could be liquidated to satisfy restitution was a material falsehood. Additionally, the district court found that, although the probation officer had asked Buckley if she had ever been arrested, he had also told her that her criminal history revealed no prior record, to which she agreed, thus failing to disclose

5

her prior convictions. The district court found that Buckley "was well aware of the context of the question regarding her prior criminal activity." Further, the district court found that, even though the convictions resulted in no criminal history points, a complete description of her criminal history was material to the sentencing process.

On appeal, Buckley again argues that her omissions were neither material nor willful. "Material" is defined in the guideline as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt., n.5. If the information withheld is not material, the obstruction of justice enhancement does not apply. Id. n.4(c). "Willfully" has been defined as requiring deliberate action with the intent to hinder justice. United States v. Lister, 53 F.3d 66, 69 (5th Cir. 1995).

The district court's finding that Buckley's omissions regarding her ownership of real estate were material to her ability to pay a fine or restitution is not clearly erroneous. United States v. Beard, 913 F.2d 193, 199 (5th Cir. 1990) (affirming the application of § 3C1.1 where defendant refused to supply financial information necessary to determining a fine or restitution). Although Buckley argues that the omission was not material because she had no real financial interest in the property because of the bankruptcy and the title dispute, the district court found that her misrepresentation was material because only two properties, and not three as Buckley had

6

represented, were involved in the bankruptcy, and one property that Buckley had failed to disclose provided rental income of $75 a month.  See United States v. Smaw, 993 F.2d 902, 904 (D.C. Cir. 1993) (holding that defendant's failure to disclose a real estate interest, even if she had no equity in the property, was still material).  Although Buckley denied that she intended to deceive the probation officer about her property ownership, the officer felt that she had willfully withheld the information.  The district court may properly rely on the PSR's construction of the evidence rather than the defendant's version of the facts. Beard, 913 F.2d at 199.

Additionally, Buckley defends her failure to inform the probation officer of her prior convictions by claiming that she did not consider them to be "criminal history" because she was not arrested.  Although this explanation is plausible, the district court's finding, based on a credibility determination, that her misrepresentation was willful because she did understand the context of the probation officer's criminal history question, is not clearly erroneous.  Buckley argues that her failure to disclose the prior misdemeanor convictions is not material because they resulted in no criminal history points.  However, prior convictions are material even if they cannot be counted in the criminal history, because they could influence the district court's determination of the sentence within the guideline range. United States v. Dedeker, 961 F.2d 164, 167 (11th Cir. 1992); see Tello, 9 F.3d at 1119 (affirming an obstruction of justice

enhancement when defendant failed to inform his probation officer of a prior criminal conviction for marijuana possession); <u>United States v. Garcia</u>, 902 F.2d 324, 325-26 (5th Cir. 1990) (upholding an obstruction of justice enhancement for failure to disclose a dismissed marijuana possession charge, even though it could not be counted in the criminal history).

Because the district court's finding that Buckley's misrepresentations about her property ownership and prior convictions were willful, material falsehoods was not clearly erroneous, we affirm the application of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

**B.    Was There More than One Victim?**

Under the sentencing guideline for fraud, a two-level increase is provided if an offense involves a scheme to defraud more than one victim.  U.S.S.G. § 2F1.1(b)(2)(B).  "`Scheme to defraud more than one victim' . . . refers to a design or plan to obtain something of value from more than one person."  U.S.S.G. § 2F1.1, cmt., n.3.  "`Victim' refers to the person or entity from which the funds are to come directly."  <u>Id.</u>

The probation officer recommended application of this enhancement because Buckley diverted funds from four different subcontractors and illegally deposited the proceeds into her own account.  Buckley objected, specifically referring to Guidelines section 2F1.1, commentary, note 3.  This note provides that "passing a fraudulently endorsed check would not [involve a

8

scheme to defraud more than one victim], even though the maker, payee and/or payor all might be considered victims for other purposes." U.S.S.G. § 2F1.1, cmt., n.3. The district court overruled the objection, finding that Buckley defrauded four subcontractors on five different occasions, and concluding that each subcontractor is a victim. The district court acknowledged that passing a single fraudulently-endorsed check would not result in three victims--the maker, payee or payor. However, the court noted that, in this case, Buckley fraudulently altered eight checks, made out to four subcontractors. Further, the court recognized that the probation officer did not include the maker or payor on those checks as victims in applying this section. We conclude that the district court's finding that the four subcontractors were victims of Buckley's offense, resulting in a two-level enhancement under § 2F1.1(b)(2)(b), was a proper application of the Guidelines.

## IV. CONCLUSION

For the foregoing reasons, we affirm the sentence imposed by the district court.