IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11311
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD WADE FISHER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-217-ALL-P
- - - - - - - - - -

October 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Wade Fisher appeals his conviction and sentence for being a felon in possession of explosive materials which were shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 842(i)(1), 844(a). The district court did not err in denying Fisher's motion to suppress. The affidavit in support of the search warrant was sufficiently detailed and the informant had a sufficient basis of knowledge to remove it from the "bare

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bones" category.  See United States v. Satterwhite, 980 F.2d 317, 321-22 (5th Cir. 1992); United States v. Jackson, 818 F.2d 345, 348 (5th Cir. 1987).  Whether or not the affidavit established probable cause, the officers executing the warrant acted in good faith reliance on it.  See United States v. Leon, 468 U.S. 897, 922-23 (1984); United States v. Harper, 802 F.2d 115, 119 (5th Cir. 1986).

The district court did not abuse its discretion in refusing to allow use of a government witness's 13-year-old rape conviction for impeachment purposes.  Fisher had not offered any circumstances that might be construed as exceptional, nor has he established that the probative value of the rape conviction substantially outweighs its prejudicial effect.  See Fed. R. Evid. 609(b); United States v. Hamilton, 48 F.3d 149, 154 (5th Cir. 1995); United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979).

The district court's conclusion that Fisher's criminal history category underrepresented the seriousness of his criminal past was not clearly erroneous.  Although the district court should not have considered Fisher's arrests, the error was harmless since it did not affect the court's selection of the sentence imposed.  See Williams v. United States, 503 U.S. 193, 200-01 (1992); U.S.S.G. §§ 4A1.2 comment. (n.3), 4A1.3.  The court provided acceptable reasons for the departure, and the

departure was reasonable.  See <u>United States v. Pennington</u>, 9 F.3d 1116, 1118 (5th Cir. 1993).

The district court's refusal to grant Fisher a second continuance of the sentencing hearing so that he could prepare argument on the upward departure was not an abuse of discretion. <u>See</u> <u>United States v. Peden</u>, 891 F.2d 514, 519 (5th Cir. 1989).

AFFIRMED.