IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31077
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERENCE BROWN, also known
as Terance G. Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
USDC No. 99-CR-39-ALL-C
_____
July 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terence Brown has appealed the sentence imposed by the district court following his guilty plea conviction for unlawful possession of a firearm.

Brown asserts that the upward departure was improperly based on his arrest record and that the district court improperly considered prior convictions that were more than fifteen years old. See U.S.S.G. § 4A1.2(e). A district court's decision to depart

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the sentencing guidelines is generally reviewed for abuse of discretion. <u>United States v. Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).

In its reasons for judgment, the district court made it clear that it looked not at the mere fact of prior arrests, but, rather, that it looked to the violent nature and frequency of Brown's prior criminal conduct. In determining whether an upward departure is warranted, a district court may consider older prior convictions whose sentences are evidence of similar, or serious dissimilar, criminal conduct. U.S.S.G. § 4A1.2, comment. (n.8); <u>see</u> <u>also</u> <u>United States v. Harrington</u>, 114 F.3d 517, 520 (5th Cir. 1997); <u>United States v. Pennington</u>, 9 F.3d 1116, 1118 (5th Cir. 1993). The district court did not abuse its discretion in considering Brown's older prior convictions and the violent nature of Brown's prior criminal conduct in deciding to depart upward from the sentencing guideline.

Brown also asserts that the district court erred in upwardly departing from the applicable sentencing guideline range because it did not expressly state that it had considered intermediate criminal category histories. Because Brown failed to raise this argument below, it is reviewed for plain error. <u>See</u> <u>United States v. Alford</u>, 142 F.3d 825, 830 (5th Cir. 1998).

The district court based its upward departure on the grounds that Brown's criminal history category did not adequately reflect the seriousness or violent nature of Brown's past criminal conduct. The district court's reasons for departure were acceptable and adequately explained.  See U.S.S.G. § 4A1.3; United States v. Chappell, 6 F.3d 1095, 1102 (5th Cir. 1993); Ashburn, 38 F.3d at 809.

In the light of the foregoing, the district court did not err in upwardly departing from the applicable guideline range. Ashburn, 38 F.3d at 807.  The judgment of the district court is

A F F I R M E D.