**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-10449
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TERRY HAMPSTEN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Northern District of Texas
(4:99-CR-152-1-P)**

_____

**February 26, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Terry Hampsten challenges his sentence, following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Hampsten contends, for the first time on appeal:  the district court erred by relying on the unsupported assertions of the probation officer and the Government in finding the offense involved eight to 12 firearms and a destructive device; and the number of firearms attributed to him, and his alleged possession of an explosive device, were elements of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offense rather than sentencing factors and thus should have been included in the indictment and proved beyond a reasonable doubt.

Of course, Hampsten did *not* raise these issues in district court, we review only for plain error. *See, e.g., **United States v. Olano***, 507 U.S. 725, 731 (1993). In order to satisfy this standard, there must be an error that is plain, clear, or obvious, and that affects a substantial right of the defendant. ***Id***. at 734. If these factors are met, we, in our discretion, may correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceeding. ***Id***. at 736.

Although the Government bore the burden of persuasion in this matter, Hampsten submitted *no* evidence to the district court to rebut the factual findings of the presentence report (PSR). *See **United States v. Angulo***, 927 F.2d 202, 205 (5th Cir. 1991); ***United States v. Alfaro***, 919 F.2d 962, 966 (5th Cir. 1990). A sentencing court is *not* bound by the parties' written stipulation of facts, but may, with the aid of the PSR, "determine the facts relevant to sentencing." *See* U.S.S.G. § 6B1.4(d), p.s.; ***United States v. Garcia***, 902 F.2d 324, 326-27 (5th Cir. 1990).

Concerning the second issue, a fact used in sentencing that does *not* increase a penalty beyond the statutory maximum need *not* be alleged in the indictment and proved to a jury beyond a reasonable doubt. ***United States v. Keith***, 230 F.3d 784, 787 (5th

Cir. 2000), *petition for cert. filed* (U.S. 16 Jan. 2001) (No. 00-8077).

Hampsten has *not* demonstrated error, plain or otherwise.

                                                    ***AFFIRMED***