**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10056
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL MENDOZA,
also known as Jose Rios,
also known as Julian Ramos-Alcala,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-129-1-A
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Israel Mendoza appeals his 120-month sentence following a plea of guilty to one count of being a felon in possession of a firearm. He contends that the district court erred by departing upward from the sentencing guidelines range of 30 to 37 months based on its conclusion that Mendoza's criminal history score did not reflect the extent of his criminal record and the likelihood of recidivism. See U.S.S.G. § 4A1.3 (p.s.)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's reasons for departure were adequate. Mendoza has continuously reentered the United States and committed crimes despite deportations and lenient sentences, and his criminal history and risk of recidivism were under-represented by his criminal history score. See United States v. Pennington, 9 F.3d 1116, 1118 (5th Cir. 1993). The degree of departure was reasonable because the district court moved incrementally through the guidelines ranges to reach a sentence the court deemed adequate in light of the ineffectiveness of prior lesser sentences in deterring Mendoza's criminal conduct. See United States v. Rosogie, 21 F.3d 632, 633-34 (5th Cir. 1994). The district court did not abuse its discretion by departing as it did. The judgment of the district court is AFFIRMED.