# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-50511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARL DENNIS GRANT

Defendant-Appellant

_____

Consolidated with 08-50520
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARL DENNIS GRANT, also known as Eric Dennis Lee

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-213-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carl Dennis Grant appeals the 240-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine base. The sentence was 78 months above the advisory guideline maximum sentence of 162 months. The court characterized the sentence as both a departure based on Grant's extensive criminal history under U.S.S.G. § 4A1.3 and as a variance based 18 U.S.C. § 3553(a), citing the need for more effective deterrence and to protect the public from Grant's criminal activity.

The court noted that Grant had "a criminal history that ranks about as high as anybody [the court had] seen in over 16 years." The court also cited Grant's violations of supervised release, his fugitive status in 2007, his use of numerous aliases, and the failure of repeated incarceration and drug treatment to modify Grant's behavior.

We review the sentence for plain error because Grant did not raise in the district court any of the objections he raises on appeal, including any objection to the reasonableness of the sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). Under plain error review, we have discretion to reverse only if there was a clear and obvious error that affected the defendant's substantial rights and that seriously affected "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted); *see Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

To determine the reasonableness of a sentence, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

"If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." § 4A1.3(a)(1). Grant's criminal history score was 23, 10 points above the threshold for the highest Criminal History Category of VI. A criminal history score above the Category VI threshold is a valid basis for an upward departure. *See United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005); *United States v. Lee*, 358 F.3d 315, 328 (5th Cir. 2004).

The presentence report also recounted several unscored offenses. Grant's unscored convictions were an additional valid basis for the upward departure. *See United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993).

Grant's contentions that the court improperly based the sentence on factual error or the improper weighing of factors are neither significant nor supported by the record. Contrary to those contentions, Grant's sentence could be based on nonviolent conduct and juvenile offenses. *See Lee*, 358 F.3d at 329 (affirming departure based on nonviolent offenses; *Pennington*, 9 F. 3d at 1118 (same); *see also United States v. Carpenter*, 963 F.2d 736, 744 (5th Cir. 1992) (affirming upward departure based in part on juvenile offenses). Because the court based the departure on acceptable factors, it committed no procedural error. *See Gall*, 128 S. Ct. at 597; *Smith*, 417 F.3d at 490 & n.24.

The extent of a variance is a facet of the substantive reasonableness of the sentence under § 3553(a). *See Gall*, 128 S. Ct. at 597. We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. Grant contends that the court gave too much weight

to the need to deter future criminal conduct and to protect the public. He asserts that "his maturity is a sign that he will not engage in similarly dangerous conduct in the future." The record reveals no evidence of maturity or reform. Moreover, there is no support for Grant's suggestion that deterrence is a valid sentencing rationale only if it is needed specifically to protect the public from violence. The extent of the variance or departure was not unreasonable. *See Smith*, 417 F.3d at 492 & n.40.

Grant has failed to show that his sentence was unreasonable. The judgment of the district court is AFFIRMED.