# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 09-20503
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD BELL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-271-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard Bell appeals his 121-month sentence, received after pleading guilty to bank fraud and money laundering pursuant to a written plea agreement. The district court characterized the sentence as an upward "departure" from the advisory Sentencing Guidelines, based on several factors, *inter alia*: an under-represented criminal history; losses resulting from uncharged conduct; and an offense level that did not reflect the seriousness of the crimes. Bell claims: the Government breached a putative plea agreement,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which was rescinded before sentencing; the Government failed to abide by a stipulation of loss; the Government opposed improperly Bell's being accorded acceptance of responsibility; the increase to his sentence was based upon loss amounts in excess of his stipulated loss; and the district court's failure to give notice of its intent to depart upwardly precludes the departure. A breach-of-plea-agreement claim is reviewed *de novo*; factual findings, for clear error. *See United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004).

First, Bell contends the Government breached a putative plea agreement that would have allowed him to plead guilty in exchange for a 72-month sentence. Contrary to Bell's assertion, the proposed agreement was neither executed by the parties nor accepted by the court before being rescinded and was not binding or enforceable. *See United States v. Molina-Iguado*, 894 F.2d 1452, 1455-56 (5th Cir. 1990).

Second, Bell contends the Government failed to abide by a stipulation of loss, by urging the court to depart upward based on uncharged loss. After the plea agreement was executed and accepted by the court, the parties stipulated that Bell's fraud resulted in a total loss of $1.6 million. Contrary to Bell's interpretation, the record makes clear the parties agreed to that stipulation for purposes of Bell's Guideline calculation, *i.e.*, total amount of loss caused by fraud. *See James v. Wallace*, 533 F.2d 963, 967 n.7 (5th Cir. 1976) (noting stipulations effective only to extent they are products of mutual assent). That fraud-loss stipulation, however, did *not* affect Bell's Guidelines calculations because, under the Guidelines for multiple counts, Bell's offense level was based on amount of laundered money, not fraud-loss. *See* U.S.S.G. §§ 3D1.3(a), 2S1.1(a)(1). And, because the parties agreed to the stipulation *after* a plea agreement was reached, the stipulated loss was *not* "part of the inducement or consideration" for the plea. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005) (internal citation and quotation marks omitted).

Nevertheless, the Government did *not* act contrary to the stipulation: the Government's assertions for an upward departure did not contradict the stipulation; and Bell has *not* shown the court's consideration of uncharged loss violated the stipulation or was otherwise an improper basis for the departure. Moreover, the district court was not bound by that stipulation, and the Government did no more than accurately state that law at sentencing. *See* U.S.S.G. § 6B1.4(d), p.s.; *United States v. Garcia*, 902 F.2d 324, 326-27 (5th Cir. 1990).

Third, Bell maintains the Government breached its plea agreement by arguing at sentencing that he did not deserve credit for acceptance of responsibility. The Government had agreed in the agreement not to oppose Bell's request for such credit "should [Bell] accept responsibility as contemplated by the [Sentencing Guidelines]". At sentencing, defense counsel acknowledged this was "pretty standard language" and expressed his opinion, in the light of that language, that the Government was not "backing out" of its agreement. Arguably, that acknowledgment constitutes a waiver of this contention. Assuming it was not a waiver, we review only for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

To show reversible plain error, Bell must show a clear or obvious error that affects his substantial rights. *Id*. at 1429. If reversible plain error is shown, our court retains discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. Accordingly, Bell must show that, absent the Government's opposition, the district court would have granted him a reduction for acceptance of responsibility. *See id*., at 1432-33, *aff'g* 505 F.3d 377, 386 (5th Cir. 2007).

The Government opposed giving Bell credit for acceptance of responsibility; however, its obligation to refrain from doing so was conditioned on Bell's showing acceptance of responsibility as contemplated by the Guidelines. *See* U.S.S.G. § 3E1.1, cmt. n.1(a) (describing acceptance of responsibility). Bell

never did so. During his sentencing hearing, which included more than an hour of allocution, Bell:  offered exculpatory and irrelevant interpretations of transactions and events; deflected responsibility; denied or discounted relevant conduct; portrayed himself as a victim of unfair Government treatment; and generally denied or minimized his culpability.  It is *not* clear or obvious the Government breached the plea agreement; nor is it clear or obvious the court erred by failing *sua sponte* to declare a breach, where Bell's conduct did *not* trigger an obligation from the Government.

Moreover, Bell fails to show any claimed breach or error affected his substantial rights.  He continued either to excuse or minimize his wrongful conduct, thereby precluding credit for acceptance of responsibility.  *See Puckett*, 505 F.3d at 386.

Bell's fourth contention challenges the upward departure by asserting the district court encouraged him to waive an evidentiary hearing on loss and then "sucker punched" him by increasing his sentence based on loss amounts exceeding the stipulated loss.  This challenge also fails.  The record does *not* support an inference of the court's enticing Bell to abandon the evidentiary hearing.  Moreover, the presentence investigation report placed Bell on notice that uncharged loss could be a basis for an upward departure.  At sentencing, Bell stated the uncharged loss was already accounted for in the loss stipulation, yet he fails to explain what more could have been argued or accomplished in an evidentiary hearing.  Additionally, Bell never established the uncharged loss was included within the stipulated loss, and the record refutes his interpretation of the scope of the stipulation.  *See James*, 533 F.2d at 967 n.7.  Further, Bell fails to show the uncharged loss was "double counted", or otherwise improperly used, to support the upward departure, especially where uncharged loss was only one factor, as discussed *supra*, in support of departure.

Last, Bell contends the court failed to give notice of its intent, and state adequate reasons, to depart upward based on his understated criminal history.

4

No. 09-20503

Because Bell failed to preserve this objection, his contentions are reviewed only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006).

Bell makes no showing that the lack of notice adversely affected his substantial rights, because there is no indication the court would have imposed a lesser sentence if notice had been given. *See Jones*, 444 F.3d at 443. The Guidelines permit an upward departure if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". U.S.S.G. § 4A1.3(a)(1). The prior convictions not counted in Bell's criminal history score were sufficient alone to support the departure. *Id.* at § 4A1.3(a)(2); *United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993). Further, as noted *supra*, Bell's under-represented criminal history was only one reason for that departure. Thus, Bell fails to show that the lack of notice affected his substantial rights by resulting in a more severe sentence. *See Jones*, 444 F.3d at 443.

The court did *not* fail to provide adequate reasons for the departure. The court stated in writing and orally that Bell's criminal-history category under-represented his criminal history, *see United States v. Zuniga-Peralta*, 442 F.3d 345, 348 (5th Cir. 2006); and Bell has not shown the court would have imposed a lesser sentence if it had given more detailed reasons for its departure, *see Mondragon-Santiago*, 564 F.3d at 362-65.

AFFIRMED.