# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2011

No. 10-20495
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

J. JESUS ALVAREZ LARA, also known as Jesus Lara Alvarez, also known as
Jesus Santanna, also known as Jesus Alvarez Lara,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-96-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

J. Jesus Alvarez Lara (Alvarez) pleaded guilty to illegal reentry by a
previously deported alien and was sentenced to 46 months of imprisonment and
three years of supervised release. He now appeals his sentence, which was
based on a upward departure under U.S.S.G. § 4A1.3, arguing that the facts did
not warrant an upward departure and that the sentence was greater than
necessary to achieve the goals of 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review Alvarez's sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to depart upward and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of § 3553(a) and are justified by the particular facts of the case. *Id.*

Given Alvarez's extensive criminal record and the lack of deterrent effect from prior lenient sentences, the district court did not abuse its discretion by upwardly departing based upon its finding that Alvarez's criminal history under-represented the seriousness of his criminal history and the likelihood that he would recidivate. *See* § 3553(a); *Zuniga-Peralta*, 442 F.3d at 347; *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Simkanin*, 420 F.3d 397, 418 n.24 (5th Cir. 2005); *United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993). Additionally, Alvarez has not shown that the district court erred in determining the extent of the departure. *See Gall*, 552 U.S. at 51; *Zuniga-Peralta*, 442 F.3d at 347-48. Following the direction of § 4A1.3(a)(4)(B), because Alvarez was already in the highest criminal history category, the district court moved incrementally down the Sentencing Table from a total offense level of ten to an offense level of 14; a total offense level of 14 with a criminal history category of VI yielded a new advisory sentencing guidelines range of 37 to 46 months of imprisonment. *See* U.S.S.G. Ch.5, Pt. A, Sentencing Table. The district court determined that 46 months was the most appropriate and reasonable sentence for Alvarez. This 46-month sentence was 16 months greater than the high-end of the guidelines sentence range applicable without the upward departure. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. This court has affirmed similar and more substantial departures. *See Zuniga-Peralta*, 442

No. 10-20495

F.3d at 346-48; *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004); *United States v. McKenzie*, 991 F.2d 203, 205 n.7, 206 n.8 (5th Cir. 1993).

Accordingly, the district court's judgment is AFFIRMED.