**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

Lyle W. Cayce
Clerk

No. 11-51130
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO MARTINEZ-CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-288-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Reynaldo Martinez-Chavez ("Martinez") appeals the 24-month sentence of imprisonment imposed following his guilty plea conviction of being illegally present in the United States after deportation. He challenges the district court's decision to depart from the guideline range of eight to 14 months of imprisonment pursuant to U.S.S.G. § 4A1.3.

We review the district court's decision to depart upwardly and the extent of that departure for abuse of discretion. *United States v. Saldana*, 427 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

298, 308 (5th Cir. 2005).  A sentencing court does not abuse its discretion in deciding to depart upwardly when its reasons for doing so advance the objectives set forth in 18 U.S.C. § 3553(a)(2), are authorized by 18 U.S.C. § 3553(b), and are justified by the facts of the case.  *Id.* at 310.

The record reveals that Martinez had numerous convictions and associated sentences that did not result in criminal history points.  In deciding to depart upwardly, the district court found that there was a strong likelihood the defendant would commit other crimes and that a sentence in the 21 to 27-month range was necessary to provide proper deterrence to Martinez and to protect the public.  In view of the many convictions that were not reflected in Martinez's criminal history category, there was no abuse of discretion in the district court's decision to upwardly depart.  *See United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993).

Martinez argues that the extent of the departure was excessive and that the 24-month sentence of imprisonment was substantively unreasonable.  He asserts that his prior convictions have been for relatively minor offenses that occurred during his youth and that his criminal record is connected to his problem with alcohol.  He also points out that he had no convictions between 1998 and 2008.

In general, we review the reasonableness of a sentence in light of the § 3553(a) factors.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  As noted above, in light of Martinez's many previous convictions, the district court found a high risk of recidivism and imposed a 24-month sentence to deter him from committing future crimes and to protect the public. Accordingly, "the same factors that lead us to conclude that a departure was not unreasonable also lead us to conclude that the extent of the departure" and resulting sentence were not unreasonable.  *See United States v. Jones*, 444 F.3d 430, 434, 442 (5th Cir. 2006).

AFFIRMED.