UNITED STATES of America, Appellee,

v.

KINGDOM (U.S.A.), INC; K.P.M. (U.S.A.), Inc; Liang H. Yun; Huan K. Teng and Jiunn Shyong Hsu, Defendants,

Anthony K. Mu, Defendant–Appellant.

Docket 97–1671.

United States Court of Appeals,
Second Circuit.

Argued July 16, 1998.

Decided Sept. 21, 1998.

---

Gary G. Becker, Gerald B. Lefcourt, P.C., New York City (Steven R. Donziger, of counsel), for Appellant.

Eric Friedberg, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, David C. James, Assistant United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge,
POOLER, Circuit Judge, and DORSEY [1],
District Judge.

DORSEY, District Judge:

Appellant Anthony Mu appeals the judgment and sentence entered in 1997 in the United States District Court for the Eastern District of New York, Raggi, *J.*, for three violations of probation. Appellant argues that the District Court incorrectly applied the United States Sentencing Guidelines (U.S.S.G.) by imposing a separate sentence for each of his three violations, rather than sentencing him on only the most serious violation, contrary to U.S.S.G. §§ 7B1.1(b), p.s. and 7B1.4(a), p.s.

## BACKGROUND

In 1991, appellant pled guilty to one count of structuring transactions to evade the monetary reporting requirements of 31 U.S.C. § 5313. His sentencing guideline range was

---

1. The Honorable Peter C. Dorsey, of the United States District Court for the District of Connecti-cut, sitting by designation.

37—46 months incarceration. Based on the government's Section 5K1.1 motion for substantial assistance, the court departed downward, and appellant was sentenced to five years' probation and fined $25,000 to be paid in quarterly installments.

In July 1997, appellant was charged with three violations of probation: (1) wrongful appropriation of approximately $14,000 from a former employer; (2) failure to pay the $25,000 fine; and (3) falsely representing to the Probation Office that he had made payments to satisfy the fine.

After a full hearing, the district court found that appellant had committed the three violations and revoked his probation. The court stated:

> What do I do with the original problem? That's why I raised with counsel the possibility that I would sentence you under your [original] guideline range. She has asked me not to do that, ... even the government is not asking for that, so I won't do that.

> Instead, I will consider the guideline range that is provided for these violations, because I think that I can adequately do justice in those ranges, but this is not a nonincarceratory sentence....

> ... You didn't pay fines when that was the main part of your sentence that required you to give up anything. You lied to the probation office and you started to engage in other criminal conduct.

> Only because of the cooperation that you gave the government would I not sentence you within the original range....

> ... I have no desire to be unnecessarily harsh here, but as I said, it is my view that your sentence might appropriately be within the range of 37 to 46 months. Because of your cooperation, though, I do think that I can stay within the guideline range

provided for violations and that's why I sentence you as I do.

Appellant's Appendix at 84–85.

Relying on the U.S.S.G. Chapter 7 Policy Statements for Probation and Supervised Release Violations and the sentencing table therein, the District Court sentenced appellant separately for each of the violations under U.S.S.G. § 7B1.4(a), p.s.: ten months for the wrongful appropriation, six months for the failure to pay the fine, and nine months for the false representations. The six and nine-month sentences were to run concurrently but consecutively to the ten-month sentence, for an effective sentence of 19 months.[2]

## DISCUSSION

### I. Waiver/Plain Error

The government notes that the issue appellant raises was not presented to the District Court. It argues that this court can, therefore, review the District Court's decision only for plain error. *United States v. Keppler*, 2 F.3d 21 (2d Cir.1993). Appellant argues that the issue can be considered as a matter of first impression, citing *United States v. Rodriguez*, 943 F.2d 215 (2d Cir. 1991), and that, in any event, the lower court's decision was plainly erroneous.

Whether a sentencing court, when applying a U.S.S.G. policy statement, is obliged to interpret it correctly has not previously been decided by this court. We also have not confronted directly the issue of whether U.S.S.G. § 7B1.1(b), p.s., precludes consecutive sentences. During the early years of the sentencing guidelines, we considered sentencing issues of first impression that had not been raised in the district court unless failure to raise the issue at the trial level was a calculated decision. *Rodriguez*, 943 F.2d at 217. In *Rodriguez*, we announced the imminent sunset of this exception. *Id.* However, we retain discretion to review "novel or com-

2. U.S.S.G. § 7B1.1 classifies violations of probation in three grades—"A", "B", and "C", according to the seriousness of the conduct underlying the violation. Appellant had a Criminal History Category I. The District Court found that the wrongful taking was the most serious violation of the three, a Grade B violation. Under the table provided in U.S.S.G. § 7B1.4, the range for the Grade B violation was four to ten months. The other two violations were determined to be Grade C violations, with a range of three to nine months. Appellant's Appendix at 16.

plex sentencing issues" that were not raised below. *United States v. Margiotti*, 85 F.3d 100, 104 (2d Cir.1996). We consider the issues in the instant case to be both sufficiently novel and complex to fall within the exception to plain error analysis. We therefore turn to the merits of appellant's argument.

## II. Proper Interpretation of Guidelines' Policy Statements

■ A district court, before sentencing for a violation of probation, "shall consider . . . any pertinent policy statement issued by the Sentencing Commission. . . ." 18 U.S.C. § 3553(a).[3] Though required to consider the Chapter 7 policy statements, district courts are not bound by them. *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994). After considering the policy statements, a court may impose a sentence outside of the ranges set forth in the policy statement. *United States v. Cohen*, 99 F.3d 69, 71 (2d Cir.1996).

■ The policy statement at issue provides: "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b), p.s. The clear language of this policy statement precludes consecutive sentences for multiple offenses. However, because Judge Raggi's only obligation was to *consider* the policy statement, 18 U.S.C. § 3553(a), we must determine whether she also was required to interpret it correctly. We agree with the Seventh Circuit that Section 3553(a) does impose an obligation of correct interpretation. *United States v. Lee*, 78 F.3d 1236, 1239 (7th Cir.1996). In *Lee*, the lower court erred in determining the grade of a violation. *Id.* at 1241. In reversing and remanding for resentencing, the Seventh Circuit stated: "Because we cannot say for certain that the able district judge would have given Lee the same 24-month sentence had he known that the correct range was only 8 to 14 months, we cannot affirm the sentence." *Id.*

■ In this case, the basis for the District Judge's sentence is also not clear. The District Judge did consider the policy statement. She stated that she would "consider the guideline range that is provided for these violations, because I think that I can adequately do justice in those ranges," and "I do think that I can stay within the guideline range provided for violations and that's why I sentence you as I do." Appellant's Appendix at 84–85.

The District Court had the discretion to impose sentence without conforming to the policy statements and thus could have sentenced appellant separately and consecutively for each of the violations. Because the District Judge said "I do think that I can stay within the guideline range provided for violations and that's why I sentence you as I do, " we believe that she intended to impose a sentence within the range set out in the policy statement. By imposing a sentence not authorized by Sections 7B1.1 (b) and 7B1.4, the District Court incorrectly construed these provisions.

■ The able district judge had the power to impose the sentence she did by rejecting the policy statements after considering them or by departing upward from the suggested range. However, in the age of the Sentencing Guidelines, the legal and factual findings that form the basis for a sentence must be unambiguously expressed. Accordingly, the case is remanded for resentencing.

## CONCLUSION

For the previous reasons, the case is remanded for the purpose of resentencing in accordance with this opinion.

---

**3.** 18 U.S.C. § 3553(a) applies to probation viola-   tions by virtue of 18 U.S.C. § 3565(a).