**UNITED STATES of America,**
**Appellee,**

v.

**STEVEN HUNTER, Defendant–**
**Appellant.**

**Docket No. 00–1532.**

United States Court of Appeals,
Second Circuit.

Feb. 22, 2002.

David G. Secular, Federal Public Defenders Office; Alexander Bunin, of counsel, Albany, NY, for Appellant.

Craig Benedict, Assistant United States Attorney; Joseph A. Pavone, United States Attorney for the Northern District of New York, of counsel, Syracuse, NY, for Appellee.

Present SACK, B.D. PARKER, Jr., and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment entered July 5, 2000, be, and it hereby is, AFFIRMED.

The defendant Steven Hunter appeals from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*) convicting him under the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, and sentencing him to forty-one months' imprisonment. The jury found Hunter guilty of six counts of violating various provisions promulgated pursuant to the Clean Air Act's National Emissions Standard for Hazardous Air Pollutants; in particular, of failing to comply with the Environmental Protection Agency's work-practice standards for the handling, stripping, and disposal of asbestos.

Hunter raises two issues on appeal. First, he argues that the Clean Air Act requires proof that he had specific knowledge of the regulations that he violated. Second, Hunter challenges the enhancement of his sentence pursuant to U.S.S.G. § 2Q1.2(b)(4), which directs the district court to increase a defendant's base-offense level by four if he or she committed the offense "without a permit or in violation of a permit." Relying on *United States v. Weintraub*, 96 F.Supp.2d 135 (D.Conn.2000), *aff'd on other grounds*, 273 F.3d 139 (2d Cir.2001), Hunter contends that § 2Q1.2(b)(4) applies only to permits required by either a federal statute or a state regulatory scheme to which a federal statute has expressly delegated authority. Because the Clean Air Act neither requires a permit for asbestos removal nor expressly delegates authority to the states for this purpose, Hunter argues that § 2Q1.2(b)(4) should not have been applied to enhance his sentence.

As defense counsel conceded at oral argument, our recent decision in *United States v. Weintraub*, 273 F.3d 139 (2d Cir. 2001), resolves Hunter's first argument in the government's favor. In *Weintraub*, we held that the government satisfies the knowledge element for purposes of a conviction under the Clean Air Act if it proves that "the defendant knew that the substance involved in the alleged violations was asbestos." *Id.* at 151. Hunter does not dispute that the government introduced evidence sufficient to establish that he knew "the substance involved in the alleged violations was asbestos."

Hunter failed to raise his second ground for appeal—that the enhancement prescribed by U.S.S.G. § 2Q1.2(b)(4) applies

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**12**

only to permit schemes sanctioned by federal law—in the district court. Issues not raised in the district court are generally deemed to be forfeited on appeal. We will consider them only upon a showing that the district court committed "plain error." Fed.R.Crim.P. 52(b); *United States v. Keppler*, 2 F.3d 21, 23–24 (2d Cir.1993).

For an error to be "plain," it must "[d]eviat[e] from a legal rule" that was "clear under current law," in a manner that affected the defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732–33, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even if we find plain error, we will notice it only where it " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 736, 113 S.Ct. 1770 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).

The sentencing issue raised by Hunter is a matter of first impression in this Circuit. Even assuming, *arguendo*, that the district court's enhancement of Hunter's sentence pursuant to § 2Q1.2(b)(4) "[d]eviate[d] from a legal rule," that rule cannot be said to have been "clear under current law." The error, if any, was not plain, and we decline to address it in the first instance on appeal.

While we retain discretion to review novel or complex sentencing issues that were not properly preserved in the trial court, *see United States v. Kingdom*, 157 F.3d 133, 135–36 (2d Cir.1998); *United States v. Margiotti*, 85 F.3d 100, 104 (2d Cir.1996), we do not find that the circumstances here merit the exercise of that discretion.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.