**UNITED STATES of America,**
**Appellee,**

v.

**Michele MORALES, Defendant–**
**Appellant.**

**Docket No. 02–1211.**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Marcia S. Cohen, Assistant United States Attorney, Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief) for James B. Comey, United States Attorney, Southern District of New York, for Appellee.

Yuanchung Lee, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Present OAKES, MINER and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Duffy, *J.*), it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant Morales appeals from a judgment entered on April 4, 2002 by the United States District Court for the Southern District of New York (Duffy, *J.*), revoking her probation and sentencing her to twelve months' imprisonment. Ms. Morales argues that the sentence is unreasonable given that the guideline range for the underlying offense was only zero to six months; the recommended Chapter 7 guideline range upon revocation of her probation was only three to nine months; and there existed various mitigating circumstances, such as improved behavior and having been diagnosed as suffering from major depression.

On August 24, 1999, Ms. Morales pled guilty to one count of bank theft in violation of 18 U.S.C. § 2113(b) (2002), an offense punishable by up to ten years' imprisonment. The district court sentenced Ms. Morales to a five-year term of probation, subject to special conditions including community service, and imposed restitution in the amount of $5,474.

In January 2002, the Probation Department submitted a noncompliance report to the district court, requesting an adjustment of defendant's sentence based on a two-year history of probation violations. These violations included seventeen instances in which she failed to report to her probation officer, an almost total failure to make her required monthly restitution payments, and a total failure to perform the required community service. The sentencing range suggested by Chapter 7 of the Federal Sentencing Guidelines Manual for these alleged violations was three to nine months' imprisonment, and the Probation Department recommended imposition of six months' Electronic Home Confinement. On February 13, 2002, the district judge adjourned the revocation hearing for four months to permit Ms. Morales an opportunity to improve her behavior.

Despite this opportunity, defendant failed to report to her probation officer on February 21 and 28, 2002. In response to this continued noncompliance with the terms of her probation, the Probation Department prepared a second noncompliance report and asked the court to consider revocation. On April 2, 2002, the district court held a revocation hearing, at which Ms. Morales admitted that she failed to report as required to her probation officer on February 21, 2002. The

district judge revoked her probation and sentenced her to one-year imprisonment to be followed by a three-year term of supervised release.

The revocation of probation is governed by 18 U.S.C. § 3565(a), which permits a district court, after "considering the factors set forth in section 3553(a) to the extent that they are applicable," to "revoke the sentence of probation and resentence the defendant." 18 U.S.C. § 3565(a) (2002). While a district court must consider the Chapter 7 policy statements in sentencing a defendant upon the revocation of probation, 18 U.S.C. § 3553(a)(4)(B) & (5), once it has done so "a court may impose a sentence outside of the ranges set forth in the policy statement[s]," *United States v. Kingdom (U.S.A.), Inc.*, 157 F.3d 133, 136 (2d Cir.1998), as these policy statements, absent binding guidelines, "are advisory, rather than binding," *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994). Should a district court depart upward from these sentencing ranges, it need not make the detailed and explicit findings required of an upward departure from binding sentencing guidelines. *See id.*

The Second Circuit reviews sentences imposed upon revocation of probation under a "plainly unreasonable" standard. *See* 18 U.S.C. § 3742(a)(4) & (e)(4) (2002); *United States v. Wirth*, 250 F.3d 165, 169 (2d Cir.2001) (per curiam). A district "court ultimately has 'broad discretion to revoke its previous sentence and impose a term of imprisonment' up to the statutory maximum." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997) (quoting *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir.1996)). We will affirm a sentence departing from the recommended range "if '(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable.' " *Pelensky*, 129

F.3d at 69 (quoting *Anderson*, 15 F.3d at 284).

The defendant has not presented any arguments under the first two prongs of the Circuit's test; rather, she argues under the third prong that the district court's sentence was plainly unreasonable. The recommended range in Chapter 7's policy statements for defendant's violation was three to nine months' imprisonment. The district judge, at the revocation hearing, considered the specific circumstances of the case, including the seriousness of the underlying criminal act, the light sentence Ms. Morales originally received, her repeated violations, her defense of major depression, her failure to remedy her behavior despite an additional opportunity from the court, and the unlikelihood that sentencing her to a halfway house rather than prison was a viable alternative sanction. Based on his review of Ms. Morales' probation history, the district judge imposed a sentence three months longer than the top of the range suggested by the nonbinding Chapter 7 policy statement and well below the ten-year statutory maximum for the underlying offense, *see* 18 U.S.C. § 2113(b). We find that this judgment was not plainly unreasonable. *Cf. Pelensky*, 129 F.3d at 70 (approving imposition of the statutory maximum of thirty-six months' imprisonment when the Chapter 7 sentencing range was five to eleven months).

We have considered all of defendant's arguments and find them to be without merit.

The judgment of the district court is **AFFIRMED.**