**UNITED STATES of America,**
**Appellee,**

v.

**Jose RODRIGUEZ, Defendant–**
**Appellant.**

No. 05–5778–cr.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

Robert A. Culp, Esq., New York, NY, for Appellant.

Jocelyn E. Strauber, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

Defendant Jose Rodriguez, who pleaded guilty to one count of illegal reentry after deportation following conviction for an aggravated felony, *see* 8 U.S.C. §§ 1326(a) & (b)(2), appeals his seventy-month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, appellate review of sentences is limited to "unreasonableness," 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *accord Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007). While this standard

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

has both procedural and substantive components, it is best analogized to review for abuse of discretion in that an appellate panel does not substitute its judgment for that of the sentencing judge. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006); *United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). Mindful of these principles, we consider the grounds on which Rodriguez challenges the reasonableness of his sentence.

### 1. *Procedural Unreasonableness*

Rodriguez submits that his sentence is procedurally unreasonable in four respects.

### a. *The Failure to Treat Two State Convictions as Consolidated for Purposes of Calculating Criminal History*

■ Rodriguez faults the district court for failing to treat as one two 1991 state convictions—for Criminal Possession of Stolen Property in the Fourth Degree and for Robbery in the First Degree—in determining Criminal History under United States Sentencing Guideline ("U.S.S.G.") § 4A1.2(a)(2). Rodriguez asserts that such treatment was warranted because the crimes had been "consolidated for . . . sentencing." *See* U.S.S.G. § 4A1.2, app. 3. Rodriguez acknowledges that the law in this Circuit does not recognize consolidation unless (1) "the two cases are 'factually related'" and (2) there is "a formal order or statement on the record . . . consolidating the sentences," *United States v. Napoli*, 179 F.3d 1, 16 (2d Cir.1999); *see also United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir.1995); nevertheless, he urges us to reconsider that precedent.

In the absence of an intervening controlling decision by the Supreme Court, this court will reconsider its own precedent only *in banc*. *See United States v. King*, 276 F.3d 109, 112 (2d Cir.2002). No such review is warranted in this case. Although the Supreme Court's decision in *Buford v. United States*—not cited by the parties—appears to recognize a sentencing court's discretion to find prior convictions "functionally consolidated" even in the absence of a "formal order of consolidation," 532 U.S. 59, 62, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), it hardly compels such a finding whenever sentences are simultaneously imposed, particularly in the absence of factual relatedness, *see id.* at 65, 121 S.Ct. 1276 (noting that "factual connections" among the crimes of conviction are usefully considered in assessing consolidation).

In this case, the district court's rejection of Rodriguez's consolidation argument was not based simply on the lack of a formal order, but on a specific finding that "[n]one of the factual predicates required by the guidelines for the [relatedness] of those convictions are present here." Such a finding merits substantial deference. *See id.* at 64, 121 S.Ct. 1276 (recognizing that district court is in "better position" than appellate court to determine whether particular set of circumstances demonstrate functional consolidation). Indeed, the record shows that, although both of the 1991 convictions involved property thefts occurring within two months of each other, they have little else in common apart from their sentencing date. For the first crime, Rodriguez collaborated with others in a scheme that not only required planning but that actually threatened human life as well as property: the armed robbery of a home. By contrast, Rodriguez committed the first crime by himself, apparently engaging in a spontaneous theft of food stamps from a woman on the street. The state court plainly did not view these crimes as one because it imposed different—albeit concurrent—sentences for each. The fact that it may have been

convenient for the state court to finalize both convictions on the same date does not, by itself, evidence their consolidation for purposes of calculating criminal history. *See id.* at 65, 121 S.Ct. 1276; *see also United States v. Smith*, 385 F.3d 1342, 1345–46 (11th Cir.2004). Accordingly, we identify no error in the district court's refusal to treat Rodriguez's 1991 convictions as consolidated.

b. *The Commission of the Instant Offense While on Parole*

■ Rodriguez further contends that the district court erred in assessing two criminal history points for his commission of the instant offense while on state parole. *See* U.S.S.G. § 4A1.1(d). Although Rodriguez asserts that his deportation effectively terminated his parole supervision, this argument is foreclosed by our decision in *United States v. Cuero–Flores*, 276 F.3d 113, 119 (2d Cir.2002), which holds that "parole or special parole terms do not automatically terminate upon deportation," and by Application Note 4 to U.S.S.G. § 4A1.1(d), which explicitly states that "active supervision is not required" for a sentence to have a supervisory component. *See also United States v. Carrasco–Mateo*, 389 F.3d 239, 247 (1st Cir.2004) (holding that, "[f]or purposes of section 4A1.1, a term of parole is a term of parole, with or without active supervision").

c. *Application of an "Aggravated Felony" Enhancement*

Rodriguez objects to the sixteen-level enhancement applied to the calculation of his Sentencing Guidelines, *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on a crime not charged in the information. Because he raises this argument for the first time on appeal, our review is limited to plain error, *see United States v. Kingdom*, 157 F.3d

133, 135 (2d Cir.1998), which we do not find in this case.

The attempted burglary that formed the basis for the challenged enhancement was, in fact, alleged in the information to which Rodriguez pleaded guilty. Even if this were not the case, however, Rodriguez's argument would require this court to conclude that *Almendarez–Torres v. United States*, 523 U.S. 224, 228–35, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. We have already ruled to the contrary, *see United States v. Estrada*, 428 F.3d 387, 390 (2d Cir.2005) ("[T]he Supreme Court's ruling in *Almendarez–Torres* ... remains good law, and it is not within the purview of the Courts of Appeals to anticipate whether the Supreme Court may one day overrule its existing precedent." (internal quotation marks omitted)), and nothing in this case prompts us to reconsider that decision.

d. *Retroactive Identification of Aggravated Felonies*

■ Rodriguez argues that he was subject to impermissible *ex post facto* punishment because attempted burglary was not statutorily denominated an "aggravated felony," *see* 8 U.S.C. § 1101(a)(43), until September 30, 1996, almost five years after his commission of that crime. The argument is unconvincing for two reasons. First, Congress expressly provided for the term aggravated felony to apply to all offenses described in § 1101(a)(43) "regardless of whether the conviction was entered before, on, or after September 30, 1996." *Id.* at § 1101(a)(43). Second, given the lack of any statutory ambiguity as to the temporal reach of the new definition of aggravated felony, *see United States v. Luna–Reynoso*, 258 F.3d 111, 113–15 (2d Cir.2001), there was no impermissible retroactivity in its application to Rodriguez for an unlawful reentry occurring *after*

1996. At the time of his 2002 reentry, he "had the opportunity to know that that reentry ... would expose him to a prison term of up to 20 years." *Id.* at 116.

### 2. *Substantive Unreasonableness*

■ Rodriguez submits that, even absent procedural error, his sentence should be vacated as substantively unreasonable. Because " 'reasonableness' in the context of review of sentences is a flexible concept," we expect to encounter substantively unreasonable sentences only "infrequently," *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005), particularly where, as in this case, the district judge imposed a Guidelines sentence; *see Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007) (observing "that, where judge and Commission *both* determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement")); *see also United States v. Ministro–Tapia,* 470 F.3d 137, 142 (2d Cir.2006). This is not one of those rare cases. The district court, having adequately considered the factors prescribed in 18 U.S.C. § 3553(a), acted well within its discretion in declining to grant a downward departure or to impose a non-Guidelines sentence on a defendant whose criminal history demonstrated the inadequate deterrent effect of prior incarceration.

### 3. *The 28(j) Letter Challenge*

■ In a post-briefing submission to the court pursuant to Fed. R.App. P. 28(j), Rodriguez contends that his sentence must be vacated because the district court erroneously referenced the appellate standard of reasonableness in imposing sentence. *See Rita v. United States,* 127 S.Ct. at 2465. Assuming that this argument is properly considered at this late date, we are not persuaded. Not every district court reference to a reasonable sentence evidences a legal error in the appreciation of the sentencing standard established by 18 U.S.C. § 3553(a). *See United States v. Williams,* 475 F.3d 468, 477 (2d Cir.2007) (finding no reversible error in "District Court's reference to the *appellate* standard of review" where "District Court explicitly stated that it was considering all of the § 3553(a) factors" in imposing sentence (emphasis in original)). In this case the sentencing record, as a whole, convincingly demonstrates the district judge's careful understanding and discharge of her sentencing duties. *See United States v. Crosby,* 397 F.3d at 113 (summarizing district court's obligations to consider Guidelines and § 3553(a) factors in imposing sentence post-*Booker*). She correctly calculated and respectfully considered the applicable Guidelines range; conscientiously weighed the factors specified in § 3553(a), with particular attention to those cited by defendant as mitigating; and ultimately made an independent determination to impose a sentence at the lowest end of the Guidelines range. In these circumstances, *Rita* itself holds that no resentencing is required. *See Rita v. United States,* 127 S.Ct. at 2469 (noting that although district court did not correctly state "the legal standard for imposition of sentence," the record viewed in its entirety adequately demonstrated the judge's understanding of the applicable law).

In sum, because the defendant's sentence was not unreasonable, the judgment of conviction is AFFIRMED.